(No. 54343.—)

HELEN BURNICKA *et al.,* Appellants, v. MARQUETTE NATIONAL BANK, Trustee, *et al.,* Appellees.

*Opinion filed January 21, 1982.*

Eugene P. Meegan, of Chicago, for appellants.

French and Rogers, of Chicago (Richard G. French and Timothy G. Keating, of counsel), for appellee Petranela Ceckevicene.

JUSTICE WARD delivered the opinion of the court:

A default judgment that the plaintiffs, Helen Burnicka and Lawrence Burnicka, had taken in the circuit court of

Cook County against Petranela Ceckevicene (hereafter the defendant) was vacated on October 31, 1979, upon the allowance of a petition filed by the defendant under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 72). (Marquette National Bank had been dismissed as a defendant early in the proceedings.) The plaintiffs did not file a notice of appeal from the judgment vacating the default judgment, but within 30 days, on November 27, 1979, they·filed a motion to set aside that judgment. The motion was denied, and they filed a notice of appeal within 30 days from the denial. The appellate court, in a Rule 23 order (73 Ill. 2d R. 23), dismissed the appeal for want of jurisdiction. (89 Ill. App. 3d 1201.) We granted the plaintiffs' petition for leave to appeal. 73 Ill. 2d R. 315.

The question presented is whether the motion to set aside the judgment that vacated the default judgment tolled the running of the 30-day period for filing a notice of appeal from the judgment vacating the default judgment. We conclude that it did.

The plaintiffs brought the underlying negligence action in 1975. The suit is for injuries resulting from a fall down a flight of stairs in the defendant's building. A default judgment was entered on July 18, 1978, after the defendant had failed to appear. On March 1, 1979, she filed a section 72 petition to vacate the default judgment. In it she alleged that she was an immigrant, and it appeared that she had an imperfect understanding of English. She alleged that she had forwarded the summons served upon her in 1975 to her insurance agent, who died while the suit was pending. She said that she had reposed great trust in him. The defendant stated that she heard·no more about the suit until she was served with a garnishment upon a trust in which she was the beneficiary in February 1979. The petition also contained allegations that she had a meritorious defense to the action.

After hearing, the court granted the petition to vacate on October 31, 1979, and set the cause for trial. The court stated it was persuaded by evidence that the defendant had difficulty in understanding English. The court also observed that the plaintiffs had taken no action regarding the default until the garnishment was begun seven months after the default judgment was entered.

On November 27, 1979, the plaintiffs filed a motion to set aside the judgment of October 31, which was entered on the section 72 petition. That motion alleged that the defendant had lied in denying knowledge of the suit at the October 31 hearing, and that the court had erred in granting the petition. The motion to set aside was denied on January 3, 1980. On January 14, 1980, the plaintiffs filed their notice of appeal.

Section 72 of the Civil Practice Act in part provides:

"(1) Relief from final orders and judgments, after 30 days from the entry thereof, may be had upon petition as provided in this Section. Writs of error coram nobis and coram vobis, writs of audita querela, bills of review and bills in the nature of bills of review are abolished. All relief heretofore obtainable and the grounds for such relief heretofore available, whether by any of the foregoing remedies or otherwise, shall be available in every case, by proceedings hereunder, regardless of the nature of the order or judgment from which relief is sought or of the proceedings in which it was entered. There shall be no distinction between actions and other proceedings, statutory or otherwise, as to availability of relief, grounds for relief or the relief obtainable.

(2) The petition must be filed in the same proceeding in which the order or judgment was entered but is not a continuation thereof." Ill. Rev. Stat. 1979, ch. 110, par. 72.

Rule 304 of the rules of this court provides that a judgment or order granting or denying a section 72 petition is appealable. (73 Ill. 2d R. 304(b)(3).) Rule 303(a) (73 Ill. 2d R. 303(a)) sets a 30-day limit for filing a notice

of appeal. It states:

> "Except as provided in paragraph (b) below [which has no relevance here], the notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from, or, if a timely post-trial motion directed against the judgment is filed, whether in a jury or a nonjury case, within 30 days after the entry of the order disposing of the motion." 73 Ill. 2d R. 303(a).

The defendant contends that the time for filing a notice of appeal expired 30 days after October 31 when the defendant's section 72 petition was allowed. The time for filing was not extended, the defendant says, by the plaintiffs' filing a motion to vacate the judgment of October 31. There are decisions of the appellate court supporting that view (*e.g.*, *In re Application of County Collector* (1981), 95 Ill. App. 3d 1118; *City Wide Carpet, Inc. v. John* (1980), 83 Ill. App. 3d 538; *City Auto Paint & Supply, Inc. v. Brandis* (1979), 73 Ill. App. 3d 863) and at least one holding rejecting it (*Reuben H. Donnelly Corp. v. Thomas* (1979), 79 Ill. App. 3d 726).

We consider that the nature and purpose of section 72 requires the conclusion that a motion to vacate the judgment entered upon the granting of such a petition is a post-trial motion within the meaning of Rule 303(a).

Section 72 makes available various post-judgment and post-decree remedies that could be obtained in legal, equitable and statutory cases. The section expressly states that a petition under it is not a continuation of the proceeding in which the prior judgment was entered. A section 72 petition is not, therefore, merely a post-trial motion in the prior proceeding. This court has held that a petition under the section is the filing of a new action, in which the petitioner must allege and prove a cause of action, that is, a right to relief, in which the rules of pleading governing complaints in other civil cases are to be applied. (*Brockmeyer v. Duncan* (1960), 18 Ill. 2d 502,

505; *Glenn v. People* (1956), 9 Ill. 2d 335, 340. See *Mitchell v. King* (1900), 187 Ill. 452, 457 (at common law, the writ of error *coram nobis* was a suit apart and distinct from the prior proceeding and judgment). See also Davis, *The Scope of Section 72 of the Civil Practice Act,* 55 Ill. B.J. 820, 821 (1967), where it was said: "Procedurally, Section 72 should not present any difficulty if it is observed that the filing of a petition thereunder is the same as the commencement of a new cause of action.") Rule 304(b), making a judgment allowing or denying a section 72 petition appealable, recognizes that the judgment is a final judgment upon a separate and distinct cause.

We consider that the party against whom a judgment under section 72 has been entered should have the same opportunity to file a post-trial motion that is available in other civil actions. There is no reason why the right to appeal in this character of case should be circumscribed when, rather than appealing, a motion is made to have the trial court correct its error. Compare *Brady v. Industrial Com.* (1970), 45 Ill. 2d 469 (motion to reconsider circuit court's order confirming Industrial Commission's decision was a post-trial motion that tolled the deadline for filing notice of appeal).

Accordingly, if within 30 days of the grant or denial of a section 72 petition a post-trial motion directed against that judgment is filed, the motion will extend the time for filing a notice of appeal until 30 days after the order disposing of the motion is entered. This holding does not, of course, indicate or suggest that successive post-judgment motions will be recognized. We have held that a second post-judgment motion is unauthorized under the Civil Practice Act and does not extend the time within which to appeal. *Sears v. Sears* (1981), 85 Ill. 2d 253. See also *Deckard v. Joiner* (1970), 44 Ill. 2d 412, *cert. denied* (1970), 400 U.S. 941, 27 L. Ed. 2d 244, 91 S. Ct. 232.

For the reasons given, the judgment of the appellate

court dismissing the appeal for lack of jurisdiction is reversed. The cause is remanded to the appellate court for consideration of the appeal.

*Reversed and remanded.*