GILBERT OGRENTZ, Plaintiff-Appellee, v. JIM EDGAR, Secretary of State, *et al.*, Defendants-Appellants.

First District (1st Division)   No. 1—89—0013

Opinion filed May 21, 1990.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and Jennifer A. Keller, Assistant Attorney General, of Chicago, of counsel), for appellants.

No brief filed for appellee.

PRESIDING JUSTICE BUCKLEY delivered the opinion of the court:

Plaintiff brought this replevin action to recover possession of his 1984 Buick automobile. Defendants answered that they seized the Buick as contraband pursuant to section 4—107(i) of the Illinois Vehicle Code (Ill. Rev. Stat. 1985, ch. 95½, par. 4—107(i)). The trial court dismissed plaintiff's complaint on January 23, 1986. On September 21, 1987, plaintiff filed a motion to vacate that order, which the court denied on March 16, 1988. On September 6, 1988, plaintiff filed a motion to reconsider the March 16, 1988, order. Defendants appeal from an order entered December 15, 1988, in which the trial court granted plaintiff's motion to reconsider, reinstated plaintiff's replevin complaint and gave plaintiff leave to file an amended complaint. Defendants contend on appeal that plaintiff's motion to reconsider was a second section 2—1401 petition (Ill. Rev. Stat. 1987, ch. 110, par. 2—1401) which was untimely, presented no new matter and was not diligently filed.

Plaintiff's original complaint in replevin sought return of his 1984 Buick Riviera seized by defendants, including Marion Vrtek, who was an investigator for the Secretary of State's office. Plaintiff alleged that he repeatedly requested return of his automobile.

Defendants answered that on July 12, 1985, plaintiff operated as Tuff Car Company and was rebuilding older, damaged vehicles. Plaintiff brought his vehicle to Secretary of State Vehicle Inspection Station No. 1 in Chicago for a certificate of title inspection. Vrtek and his staff examined plaintiff's statutory affirmation detailing the source of replacement parts used to repair the vehicle, conducted tests and reviewed documentary evidence before concluding that the replacement parts could not have come from the sources plaintiff indicated. Vrtek and his staff then seized plaintiff's vehicle as contraband pursuant to section 4—107(i) of the Illinois Vehicle Code (Ill. Rev. Stat. 1985, ch. 95½, par. 4—107(i)).

On January 23, 1986, the trial court dismissed plaintiff's complaint because it did not sufficiently plead a *prima facie* case.

On September 2, 1987, plaintiff filed a motion to vacate the January 23, 1986, order, stating that his attorney had not informed him of the dismissal until April 1987. The court denied the motion on March 16, 1988.

On September 6, 1988, more than two years after the original dismissal, plaintiff filed a motion to reconsider the March 16, 1988, or-

der, stating that the trial court had found that a hearing may not have been properly held concerning the original seizure; that the record did not then indicate the location of the vehicle, but the vehicle's location was now known; that the court had indicated it would entertain a motion for rehearing; that the Secretary of State had not given plaintiff a reason for the seizure of his vehicle; that the reason for the January 23, 1986, dismissal was that plaintiff had failed to plead a *prima facie* case; that the Secretary of State had not applied for an order of forfeiture and had unlawfully converted plaintiff's vehicle; and that plaintiff had diligently attempted to bring these matters to the court's attention.

On December 15, 1988, the trial court granted plaintiff's motion to reconsider, reinstated the replevin complaint and granted plaintiff leave to file an amended complaint.

■ Although the appellee has not filed a brief, we may decide the merits of the appeal since the record is simple and the claimed errors can easily be decided without the aid of an appellee's brief. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 133, 345 N.E.2d 493.

Defendants maintain that both plaintiff's motion to vacate and his motion to reconsider were brought under section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—1401). They maintain that the order denying the first petition became final 30 days after March 16, 1988, and that the motion to reconsider, brought five months later, was untimely and constituted a second post-judgment motion attempting to circumvent plaintiff's failure to pursue an appeal from the order of March 16, 1988.

■ A post-trial motion may be directed against an order disposing of a section 2—1401 petition, but must be filed within 30 days. (*Burnicka v. Marquette National Bank* (1982), 88 Ill. 2d 527, 531, 431 N.E.2d 358.) The court said in *Burnicka*:

"Accordingly, if within 30 days of the grant or denial of a section 72 petition a post-trial motion directed against that judgment is filed, the motion will extend the time for filing a notice of appeal until 30 days after the order disposing of the motion is entered. This holding does not, of course, indicate or suggest that successive post-judgment motions will be recognized. We have held that a second post-judgment motion is unauthorized under the Civil Practice Act and does not extend the time within which to appeal." 88 Ill. 2d at 531.

■ Applying *Burnicka*, we agree with defendants that plaintiff was required to file a post-trial motion directed against the March 16,

1988, order denying plaintiff's first motion to vacate under section 2—1401. That order had already become final when, on September 6, 1988, plaintiff filed his motion to reconsider. We further agree with defendants that this latter motion to reconsider was a second section 2—1401 motion. As the supreme court held in *Burnicka*, a second post-judgment motion is unauthorized. Therefore, the trial court's order granting the motion to reconsider was erroneous and must be reversed.

The order of the circuit court of Cook County is reversed.

Reversed.

CAMPBELL and O'CONNOR, JJ., concur.