THE VILLAGE OF ISLAND LAKE, Plaintiff-Appellee, v. PARKWAY BANK AND TRUST COMPANY, as Trustee, *et al.*, Defendants-Appellants.

Second District   No. 2—90—0709

Opinion filed April 9, 1991.

Frank M. Howard, of Chicago, for appellants.

Diamond, LeSueur & Roth, Associates, of McHenry, for appellee.

JUSTICE UNVERZAGT delivered the opinion of the court:

Defendants, Parkway Bank and Trust Company, as trustee under trust No. 6474 (trustee), K-Koncrete, Inc., and Ronald and Patricia Laverdure, appeal from the order of the circuit court of McHenry County which denied their "motion to modify" a fine imposed based on the violation of the zoning ordinance of plaintiff, the Village of Island Lake (Village). Defendants have raised two issues on appeal: (1) whether the trial court abused its discretion in denying defendants' motion to vacate the judgment and subsequent motion to modify where defendants set forth a meritorious defense and acted with due diligence; and (2) whether the trial court abused its discretion in assessing the maximum fines against defendants where defendants were unable to defend or offer factors in mitigation.

The Village alleged in its complaint that the trustee was the titleholder of real estate consisting of approximately 12 acres located within the corporate limits of the Village. The complaint also alleged that Ronald Laverdure was the holder of the entire beneficial interest in the real estate. The Village further alleged in the complaint that the named defendants had violated the Village's zoning ordinance by using the property for the storage of "semi-trucks," trailer beds and other construction vehicles and equipment; by using the property for the storage and dumping of rubbish and refuse; and by burning lumber, roofing materials and automobile tires on the property.

Defendants filed an answer to the complaint and an affirmative defense which alleged that defendants were uncertain as to whether their property was located in the Village or in unincorporated McHenry County and that there had been acts of "fly dumping" (presumably the dumping of rubbish and refuse by unknown persons) on the property without the defendants' knowledge or consent.

The Village filed a reply to the affirmative defense and subsequently filed an amended complaint naming K-Koncrete, Inc., and Patricia Laverdure as additional defendants.

On April 5, 1989, defendants' attorney filed a motion to withdraw, claiming that defendants "refused to listen and cooperate with counsel in preparing for their cause." An order was entered the same day which granted the motion and stated that the cause was set for status on April 28, 1989, "at which time the Defendant [*sic*] and their attorney must appear in court." Defendants' former attorney sent a letter to defendant Ronald Laverdure at K-Koncrete, Inc., which stated that a copy of the court order was enclosed. The letter also advised Laverdure that the order was entered in accordance with Supreme Court Rule 13, which allowed him 21 days in which to seek new counsel. The letter further informed him that he or his new attorney were required to appear on the status date.

Defendants failed to appear on the April 28, 1989, status date. An order was entered which stated that the cause was set for trial on June 9, 1989, "without further notice."

Defendants did not appear on the trial date, and the Village presented the testimony of John Ryan, the Village's building commissioner. Photographs showing the condition of the property were admitted. Following the trial, the trial court found defendants in violation of the ordinance. An order was entered June 15, 1989, which stated that defendants were permanently restrained and enjoined from storing construction equipment, construction materials and rubbish and refuse on the property. The order further stated that defendants were in violation of the ordinance for a total of 162 days. A fine of $81,000 plus court costs was imposed based on a fine of $500, the maximum permitted by the ordinance, for each day of the violation. An additional fine of $2,900 plus court costs was imposed based on the finding that defendants allowed open burning on their property for 15 days.

The Village filed a petition for rule to show cause on August 29, 1989, alleging that the defendants had failed to comply with the court order and that construction equipment and materials continued to be located on the property. The petition stated that a copy of the court order was mailed to the trustee on July 28, 1989.

On September 19, 1989, defendants filed a motion to vacate the judgment pursuant to section 2—1401 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—1401). The motion alleged that "[d]ue to Defendants' prior counsel's recent withdrawal, neither Defendants nor their new attorney were aware of said court date and failed to appear for the trial call" and that "Defendants have acted diligently in filing their motion to vacate and have a meritorious defense to said cause of action." The affidavit of Ronald Laverdure was

attached to the motion and stated, in pertinent part, that he first received notice on August 1, 1989, that trial had taken place on June 9, 1989. The affidavit also stated that he had recently discharged his attorney, was seeking new counsel and was unrepresented by counsel at the time the judgment was entered.

The trial court denied the motion on March 14, 1990. On April 11, 1990, defendants filed a motion to reconsider, arguing in the motion that the fines imposed should be reconsidered "in that they are not fair and commensurate." This motion was denied on May 1, 1990. The order stated that the denial was without prejudice and that defendants were given leave to file, within 10 days, a motion for revocation and/or modification of fines.

Defendants then filed a "motion to modify" on May 23, 1990. The motion stated that it was brought pursuant to section 5—9—2 of the Unified Code of Corrections (Ill. Rev. Stat. 1989, ch. 38, par. 1005—9—2). Defendants again alleged in this motion that they were not aware of the June 9, 1989, trial date. Defendants also alleged that K-Koncrete, Inc., had filed bankruptcy on April 3, 1990, and that the Laverdures "may have to file individual bankruptcy in the near future."

This motion was denied on May 29, 1990. Defendants filed a notice of appeal from the May 29, 1990, order on June 29, 1990. After the Village filed, in the trial court, a motion to vacate the notice of appeal, based on the fact that the notice was filed on the 31st day after the entry of the order, defendants filed a motion for leave to file a late notice of appeal with this court. We granted the motion on August 14, 1990. The late notice of appeal also states that the order appealed from is the May 29, 1990, order. No report of proceedings or bystanders' report regarding the hearings on any of the motions filed by defendants after the entry of judgment has been included in the record.

Defendants argue that the trial court abused its discretion by denying their motion to vacate the judgment and by imposing the maximum fines. The Village first contends that the appellate court does not have jurisdiction to review the trial court's rulings regarding defendants' motion to vacate the judgment and motion to reconsider because the notice of appeal only refers to the May 29, 1990, order which denied defendants' "motion to modify." We find, however, that we do not have jurisdiction over this appeal and dismiss the appeal.

■ We have a duty to consider our jurisdiction and to dismiss an appeal if jurisdiction is wanting. (*Ferguson v. Riverside Medical Center* (1985), 111 Ill. 2d 436, 440; *Brown v. K.J.S. Co.* (1989), 189 Ill.

App. 3d 768, 770.) We must therefore carefully review the procedural posture of this case.

■■ ■ A final judgment was entered, after a trial, on June 15, 1989. A trial court loses jurisdiction over a matter once 30 days have passed after the entry of a final and appealable order. (*Northern Illinois Gas Co. v. Midwest Mole, Inc.* (1990), 199 Ill. App. 3d 109, 115.) However, section 2—1401 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—1401) provides a procedure for attacking a judgment by filing a petition more than 30 days after its entry, where the petition is filed not later than two years after the entry of the judgment (Ill. Rev. Stat. 1989, ch. 110, par. 2—1401(c)), and where the party filing the petition can show: (1) the existence of a meritorious defense or claim; (2) due diligence in presenting the defense or claim to the circuit court in the original action; and (3) due diligence in filing the section 2—1401 petition (*In re Petition of Village of Kildeer to Annex Certain Territory* (1988), 124 Ill. 2d 533, 544; *Northern Illinois Gas Co.*, 199 Ill. App. 3d at 116).

■■ ■ Defendants filed a "motion to vacate" the June 15, 1989, judgment pursuant to section 2—1401, which we therefore construe as a section 2—1401 petition. (See *Northern Illinois Gas Co.*, 199 Ill. App. 3d at 115.) A section 2—1401 petition, although filed in the same proceeding, is the commencement of a new cause of action and is not a continuation of the proceeding in which the prior judgment was entered. (*Burnicka v. Marquette National Bank* (1982), 88 Ill. 2d 527, 530; *Northern Illinois Gas Co.*, 199 Ill. App. 3d at 119.) Supreme Court Rule 304(b) (134 Ill. 2d R. 304(b)) provides that a "judgment or order granting or denying any of the relief prayed in a petition under section 2—1401" is final and appealable. *Burnicka*, 88 Ill. 2d at 531; *Allstates Tool Corp. v. Arachnid, Inc.* (1988), 177 Ill. App. 3d 573, 579.

■■ ■ However, the supreme court in *Burnicka* held that a party may, within 30 days, file a post-judgment motion within the meaning of Supreme Court Rule 303(a) (134 Ill. 2d R. 303(a)) after a ruling has been made regarding a section 2—1401 petition. (*Burnicka*, 88 Ill. 2d at 530-31.) This motion extends the time for filing a notice of appeal until 30 days after the order disposing of the post-judgment motion is entered. (134 Ill. 2d R. 303(a); *Burnicka*, 88 Ill. 2d at 531.) An appellate court therefore has jurisdiction to review a trial court's denial of a section 2—1401 petition if notice of appeal is filed within 30 days of the trial court's ruling on a timely filed motion to reconsider the judgment denying the petition. *Northern Illinois Gas Co.*, 199 Ill. App. 3d at 118.

■■ ■ The court in *Burnicka* specifically stated that successive post-judgment motions filed after a section 2—1401 petition will not be recognized because, under *Sears v. Sears* (1981), 85 Ill. 2d 253, a second post-judgment motion is unauthorized and does not extend the time within which to appeal. (*Burnicka*, 88 Ill. 2d at 531.) "To vest the appellate court with jurisdiction a party must file a notice of appeal within 30 days after entry of the judgment appealed from, or within 30 days after entry of an order disposing of a timely post-trial motion." *Archer Daniels Midland Co. v. Barth* (1984), 103 Ill. 2d 536, 538; see also *Granite City Lodge No. 272 v. City of Granite City* (1990), 141 Ill. 2d 122, 127.

Defendants' "motion to modify" can only be considered an impermissible second post-judgment motion. The motion states that it was brought pursuant to section 5—9—2 of the Unified Code of Corrections (Ill. Rev. Stat. 1989, ch. 38, par. 1005—9—2). However, a "prosecution for violation of a municipal ordinance, while quasi-criminal in nature, is civil in form and is tried and reviewed as a civil proceeding." (*City of Elgin v. Hawthorne* (1990), 204 Ill. App. 3d 807, 811.) Section 5—9—2, which permits a court to revoke or modify a fine "upon good cause shown" refers only to a penal fine imposed under the Unified Code of Corrections, a criminal statute. (*People v. Bennett* (1986), 144 Ill. App. 3d 184, 186.) This statute was therefore not applicable to the fine imposed on defendants and could not afford defendants any relief. Section 2—1401 was defendants' only means of obtaining relief from the judgment.

This is also not a situation where defendants were granted leave to file an amended section 2—1401 petition (*cf. Sullivan v. Bach* (1981), 100 Ill. App. 3d 1135, 1138-39) or were allowed to supplement or amend their post-trial motion (*cf. City of Chicago v. Greene* (1970), 47 Ill. 2d 30, 33; *In re Marriage of Jones* (1989), 187 Ill. App. 3d 206, 212-14).

Defendants' post-judgment motion, their motion to reconsider, was denied on May 1, 1990. As defendants' section 2—1401 petition was denied and their one, authorized post-judgment motion was denied, the trial court lost jurisdiction and, for this appeal to be timely, notice of appeal had to be filed within 30 days of the order denying the motion to reconsider. (See *Sears*, 85 Ill. 2d at 259-60.) The fact that the May 1, 1990, order stated that the motion to reconsider was denied "without prejudice" and that defendants were given leave to file a "motion for revocation and/or modification of fines" within 10 days does not change this conclusion. Rule 303(a) specifically states that notice of appeal must be filed within 30 days of the order "dis-

posing of" the post-trial motion. (134 Ill. 2d R. 303(a).) It cannot be disputed that the order in which the motion to reconsider was "denied" disposed of the motion.

As defendants could not extend the time for filing a notice of appeal by filing another post-judgment motion (*Sears*, 85 Ill. 2d at 259-60), that portion of the trial court's order giving them leave to file such a motion was equally ineffective to extend.the time for appeal.

We find the *Sears* case dispositive on the issue of our jurisdiction. In a case decided in *Sears*, one count of a complaint was dismissed on October 12, 1978, and the court made a Rule 304(a) (134 Ill. 2d R. 304(a)) finding, rendering the dismissal enforceable and appealable. A timely filed motion to set aside this dismissal was denied on November 15, 1978. A second motion was filed on December 11, 1978. The same day, the trial court continued the motion, stayed the judgment and the post-judgment order, and ordered that the time for appeal should not run. The *Sears* court recognized that *Deckard v. Joiner* (1970), 44 Ill. 2d 412, "held that a second post-judgment motion, filed more than 30 days after judgment but within 30 days of the denial of the first motion, that only repeats what was in the first motion or raises points that could have been raised the first time does not extend the time for appeal." (*Sears*, 85 Ill. 2d at 258.) The *Sears* court also noted that *Deckard* stated that the circuit court could not allow that type of motion. *Sears*, 85 Ill. 2d at 258.

The *Sears* court further stated:

> "There is no provision in the Civil Practice Act [now the Illinois Code of Civil Procedure] or the supreme court rules which permits a losing litigant to return to the trial court indefinitely, hoping for a change of heart or a more sympathetic judge. Permitting successive post-judgment motions would tend to prolong the life of a lawsuit—at a time when the efficient administration of justice demands a reduction in the number of cases pending in trial courts—and would lend itself to harassment. There must be finality, a time when the case in the trial court is really over and the loser must appeal or give up. Successive post-judgment motions interfere with that policy." *Sears*, 85 Ill. 2d at 259.

The court then found that the appellate court correctly determined that it had no jurisdiction over the appeal, despite the fact that the trial court's order stated that the time for appeal would not run. The court noted that the circuit court "did not have authority to extend the time for appeal by ordering so." *Sears*, 85 Ill. 2d at 260.

The same principles must apply here. The fact that the post-judgment motions involved here are motions after the denial of a section 2—1401 petition does not change the applicable rules. (See *Burnicka*, 88 Ill. 2d at 531.) Even though the trial court entered an order which stated that the denial of the motion to reconsider was "without prejudice" and that defendants were granted leave to file another motion, the trial court did not have the authority to allow a motion not authorized by the Illinois Code of Civil Procedure. Once the motion to reconsider was denied, the notice of appeal had to be filed within 30 days of that order. Also, the fact that the parties apparently participated in argument on the "motion to modify" did not "revest" the trial court with jurisdiction. As in *Sears*, the underlying judgment was never touched, and nothing in the proceeding was inconsistent with the judgment. *Sears*, 85 Ill. 2d at 260.

Even if we were to consider the "motion to modify" to be a second section 2—1401 petition, which we do not, it was ineffective to extend the time for appeal. A party may not avoid or extend the time for appeal of a final order by filing successive and repetitious motions pursuant to section 2—1401. (*People ex rel. McGraw v. Mogilles* (1985), 136 Ill. App. 3d 67, 71-72; *Peoples Gas Light & Coke Co. v. Rubin* (1980), 89 Ill. App. 3d 244, 246-47; see also *Ogrentz v. Edgar* (1990), 199 Ill. App. 3d 424, 427.) The motion did not raise any relevant new matter which could not have been raised in the original petition. The only new matter alleged was that K-Koncrete, Inc., had filed bankruptcy on April 3, 1990, and that the Laverdures may file personal bankruptcy. These allegations have no relevance to a determination of whether the judgment entered June 15, 1989, should be vacated pursuant to section 2—1401. See *Mogilles*, 136 Ill. App. 3d at 73 (the "purpose of a petition under section 2—1401 is to present to the trial court matters of fact not appearing of record which, if known to the court when the judgment was rendered, would have prevented its rendition").

■■■ Therefore, this appeal is not timely. Although defendants were granted leave to file a late notice of appeal, the motion requesting such leave referred only to the order of May 29, 1990, which denied their "motion to modify." The motion stated only that notice of appeal was filed on the 31st day after the May 29, 1990, order due to a "clerical error." We have already determined that the "motion to modify" could only be a second post-judgment motion and, as such, a nullity. As defendants did not appeal the order disposing of their motion to reconsider within 30 days, as required by Supreme Court Rule

303(a), and were not granted leave to file a late notice of appeal from that order, we lack jurisdiction.

For the foregoing reasons we are without jurisdiction to review the order appealed from, and the appeal must be dismissed.

Appeal dismissed.

WOODWARD and INGLIS, JJ., concur.