# Illinois Official Reports

## Appellate Court

---

### *People v. Jernigan*, 2014 IL App (4th) 130524

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DERRICK JERNIGAN, Defendant-Appellant. |
| District & No. | Fourth District<br>Docket No. 4-13-0524 |
| Filed | December 22, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The dismissal of defendant's petition under section 2-1401 of the Code of Civil Procedure for relief from judgment based on his claim that the trial court had no statutory authority to sentence him to concurrent terms for five counts of burglary was affirmed and the office of the State Appellate Defender was granted leave to withdraw, since such statutory authority existed in section 5-5-3(c)(8) of the Unified Code of Corrections, which required defendant to be sentenced as a Class X offender even though his burglaries were classified as Class 2 felonies, but the statutorily mandated fines improperly imposed by the circuit clerk were vacated and the cause was remanded with directions for the trial court to impose the specified fines, listing them in an amended sentencing order. |
| Decision Under Review | Appeal from the Circuit Court of Macon County, No. 08-CF-408; the Hon. Scott B. Diamond, Judge, presiding. |
| Judgment | Affirmed in part and vacated in part; cause remanded with directions. |

Counsel on
Appeal

Michael J. Pelletier, of State Appellate Defender's Office, of
Springfield, and Thomas A. Lilien and Kim M. DeWitt, both of State
Appellate Defender's Office, of Elgin, for appellant.

Jay Scott, State's Attorney, of Decatur (Patrick Delfino, David J.
Robinson, and Linda Susan McClain, all of State's Attorneys
Appellate Prosecutor's Office, of counsel), for the People.

Panel

JUSTICE APPLETON delivered the judgment of the court, with
opinion.
Justices Turner and Steigmann concurred in the judgment and
opinion.

## OPINION

¶ 1    Defendant, Derrick Jernigan, appeals from the dismissal of his petition for relief from
judgment (735 ILCS 5/2-1401 (West 2012)). The office of the State Appellate Defender
(OSAD) moves for permission to withdraw from representing him, because OSAD does not
think any reasonable argument could be made in support of this appeal. See *Pennsylvania v.
Finley*, 481 U.S. 551 (1987); *People v. Lee*, 251 Ill. App. 3d 63 (1993). Defendant has filed
additional points and authorities.

¶ 2    In our *de novo* review (*Deutsche Bank National Trust Co. v. Hall-Pilate*, 2011 IL App (1st)
102632, ¶ 12), we grant OSAD's motion to withdraw, and we uphold the dismissal of the
petition, because, contrary to the claim in the petition, the trial court had statutory authority to
sentence defendant to concurrent terms of 25 years' imprisonment for 5 counts of burglary.
The statutory authority was section 5-5-3(c)(8) of the Unified Code of Corrections (Code) (730
ILCS 5/5-5-3(c)(8) (West 2008)), which required the court to "sentence[ ] [defendant] as a
Class X offender," even though his burglaries remained classified as Class 2 felonies.

¶ 3    The State, however, directs our attention to some void fines imposed by the circuit clerk.
We vacate these void fines, and while affirming the trial court's judgment, we remand this case
with directions that the trial court, as distinct from the circuit clerk, impose the statutorily
mandated fines, specifying them in an amended sentencing order.

¶ 4                                    I. BACKGROUND

¶ 5    In November 2008, a jury found defendant guilty of five counts of burglary (720 ILCS
5/19-1(a) (West 2008)).

¶ 6    In January 2009, the trial court sentenced defendant to 5 terms of 25 years' imprisonment,
ordering that the terms run concurrently.

¶ 7    Burglary was a Class 2 felony. 720 ILCS 5/19-1(b) (West 2008). Normally, the maximum
prison sentence for a Class 2 felony was 7 years (730 ILCS 5/5-8-1(a)(5) (West 2008)) or, if
there were aggravating factors, the trial court could impose an extended-term sentence of up to

14 years (730 ILCS 5/5-8-2(a)(4) (West 2008)). Because of defendant's prior criminal record, however, the court "sentenced [him] as a Class X offender." 730 ILCS 5/5-5-3(c)(8) (West 2008). For a Class X felony, the nonextended range was not less than 6 years and not more than 30 years. 730 ILCS 5/5-8-1(a)(3) (West 2008). The court imposed a sentence of 25 years' imprisonment for each of the 5 counts of burglary and ordered that the 5 prison terms run concurrently.

¶ 8 In December 2012, defendant filed his first petition for relief from judgment (735 ILCS 5/2-1401 (West 2012)). In this first petition, he alleged a violation of *Miranda v. Arizona*, 384 U.S. 436 (1966); misconduct by the prosecutor during *voir dire*; trial errors; and a violation of the one-act, one-crime rule (see *People v. Artis*, 232 Ill. 2d 156, 170 (2009)).

¶ 9 The State moved to dismiss the first petition for essentially three reasons: (1) the two-year period of limitation in section 2-1401(c) (735 ILCS 5/2-1401(c) (West 2012)) had expired; (2) instead of presenting newly discovered facts, the petition made legal arguments that defendant already had made in previous proceedings before the trial court and the appellate court; and (3) the petition raised no claim of actual innocence.

¶ 10 In February 2013, the trial court dismissed the first petition as untimely, and defendant appealed. That appeal already has been addressed. *People v. Jernigan*, No. 4-13-0144 (Oct. 8, 2014) (unpublished summary order under Supreme Court Rule 23(c)(2)).

¶ 11 In April 2013, defendant filed his second petition for relief from judgment–the petition before us in this appeal. The second petition claimed that, under the supreme court's decision in *People v. Pullen*, 192 Ill. 2d 36 (2000), his concurrent 25-year prison sentences were void because they "exceeded the maximum aggregate sentence for a Class 2 felony."

¶ 12 For two reasons, the State moved to dismiss the second petition for relief from judgment. First, the State noted that defendant already had appealed the dismissal of his first petition for relief from judgment and the appeal was still pending at that time. Citing *People v. Dace*, 184 Ill. App. 3d 1082, 1085 (1989), the State pointed out that a timely notice of appeal divested the trial court of jurisdiction, except for jurisdiction to perform ministerial functions and to adjudicate matters independent of and collateral to the judgment that was appealed–exceptions which, according to the State, were inapplicable. Second, the State argued that if indeed, as the trial court had held, the first petition was untimely, the second petition necessarily was untimely as well.

¶ 13 In an order dated May 22, 2013, the trial court "adopt[ed]" the arguments the State made in its motion for dismissal, and the court dismissed the second petition with prejudice.

¶ 14 Defendant now appeals from the dismissal of his second petition for relief from judgment.

¶ 15                                    II. ANALYSIS
¶ 16                          A. Our Subject-Matter Jurisdiction
¶ 17 The brief and memoranda in this appeal do not address our subject-matter jurisdiction. See Ill. S. Ct. R. 341(h)(4)(i), (ii) (eff. Feb. 6, 2013); *In re Rico L.*, 2012 IL App (1st) 113028, ¶ 109 ("A court has an independent duty to consider subject matter jurisdiction even when, as here, neither party raised it as an issue."). Passing over that question in silence seems inadvisable, considering that the trial court was convinced of its lack of subject-matter jurisdiction. If indeed the trial court lacked jurisdiction, it is unclear how we would have jurisdiction.

¶ 18    We disagree that the trial court lacked subject-matter jurisdiction to adjudicate the second petition for relief from judgment. The reason for our disagreement is that the filing of a petition under section 2-1401 is "the filing of a new action," not the continuation of a previous action. *Burnicka v. Marquette National Bank*, 88 Ill. 2d 527, 530 (1982); see also *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95, 102 (2002). It follows that a successive petition under section 2-1401 creates a new action, which can go forward despite the appeal of a judgment on an earlier petition. The judgment on the earlier petition is a judgment in a separate action or case. See *Burnicka*, 88 Ill. 2d at 530. We conclude, therefore, that the trial court had jurisdiction over the second petition for relief from judgment and that we likewise have jurisdiction over this appeal. See Ill. S. Ct. R. 304(b)(3) (eff. Feb. 26, 2010).

¶ 19                                        B. Timeliness

¶ 20    The alternative argument the State made in its motion for dismissal was that the second petition for relief from judgment was untimely under section 2-1401(c) (735 ILCS 5/2-1401(c) (West 2012)). That section provides: "[T]he petition must be filed not later than 2 years after the entry of the order or judgment." *Id.* The judgment in a criminal case is the sentence. *People v. Caballero*, 102 Ill. 2d 23, 51 (1984). The trial court imposed its sentence on January 9, 2009, and defendant–who, as far as we know, was under no legal disability or duress and was not the victim of fraudulent concealment (see 735 ILCS 5/2-1401(c) (West 2012))–filed his second petition for relief from judgment more than two years later, on April 15, 2013.

¶ 21    Even so, section 2-1401(c) would not bar his second petition if what he claimed therein were true: that his sentences were unauthorized by statute and therefore void. See *People v. Arna*, 168 Ill. 2d 107, 113 (1995). Section 2-1401(f) provides: "Nothing contained in this Section affects any existing right to relief from a void order or judgment, or to employ any existing method to procure that relief." 735 ILCS 5/2-1401(f) (West 2012). "[A] void order may be attacked *at any time* or in any court, either directly or collaterally." (Emphasis added.) *People v. Thompson*, 209 Ill. 2d 19, 25 (2004).

¶ 22                    C. How This Case Is Significantly Different From *Pullen*

¶ 23    Even though we disagree with the trial court's rationale, we may affirm the trial court's judgment for any reason the record supports. *People v. Johnson*, 208 Ill. 2d 118, 129 (2003). The trial court was correct to enter judgment in the State's favor on defendant's second petition for relief from judgment. This is the correct outcome because *Pullen* is distinguishable, despite some superficial similarities it has with the present case.

¶ 24    Like the defendant in the present case, the defendant in *Pullen* entered a negotiated plea of guilty to five counts of burglary (720 ILCS 5/19-1(a) (West 1994)). *Pullen*, 192 Ill. 2d at 38. Although burglary was a Class 2 felony (720 ILCS 5/19-1(b) (West 1994)), section 5-5-3(c)(8) of the Code (730 ILCS 5/5-5-3(c)(8) (West 1994)) required the trial court to sentence the defendant in *Pullen* as a Class X offender because of his previous felony convictions (*Pullen*, 192 Ill. 2d at 38-39), just as, in the present case, the same statute required the trial court to sentence defendant as a Class X offender.

¶ 25    The resemblance ends there. The two cases differ significantly in the *running* of the prison terms. In *Pullen*, the defendant received an aggregate 30-year sentence of imprisonment, and some of the prison terms were consecutive (*id.* at 39), whereas, in the present case, all of

defendant's prison terms are concurrent. As we will explain, that is an important difference, which makes *Pullen* distinguishable.

¶ 26 In *Pullen*, the consecutive prison terms gave rise to an interpretive dilemma, a dilemma which does not arise in the present case, with its concurrent prison terms. On the one hand, section 5-8-4(c)(2) of the Code provided: " '[T]he aggregate of *consecutive* sentences shall not exceed the sum of the maximum terms authorized under Section 5-8-2 [of the Code (730 ILCS 5/5-8-2 (West 1994))] for the 2 most serious felonies involved.' " (Emphasis added.) *Pullen*, 192 Ill. 2d at 40 (quoting 730 ILCS 5/5-8-4(c)(2) (West 1994)). Section 5-8-2, referenced in section 5-8-4(c)(2), authorized an extended-term sentence of up to 60 years for a Class X felony (730 ILCS 5/5-8-2(a)(2) (West 1994)) and an extended-term sentence of up to 14 years for a Class 2 felony (730 ILCS 5/5-8-2(a)(4) (West 1994)). *Pullen*, 192 Ill. 2d at 40-41. On the other hand, section 5-5-3(c)(8) of the Code required that the defendant be " 'sentenced as a Class X offender.' " *Id.* at 41 (quoting 730 ILCS 5/5-5-3(c)(8) (West 1994)). Given that all five offenses of burglary were of equal seriousness for purposes of section 5-8-4(c)(2), the question, then, was as follows. Was the maximum aggregate sentence 120 years, *i.e.*, the sum of the maximum extended-term sentences for Class X felonies (60 years + 60 years), or was the maximum aggregate sentence 28 years, *i.e.*, the sum of the maximum extended-term sentences for Class 2 felonies (14 years + 14 years)? *Id*. at 42.

¶ 27 The answer, the supreme court said, was 28 years. *Id.* at 43. The supreme court explained:

"[T]he two most serious felonies involved in this case–indeed, the only felonies–are burglaries. Our criminal code explicitly defines burglary as a Class 2 felony. 720 ILCS 5/19-1(b) (West 1994). This ends the case. Since burglary is a Class 2 felony, the maximum sentence for burglary is 14 years. 730 ILCS 5/5-8-2(a)(4) (West 1994). Accordingly, the maximum aggregate sentence was 28 years. Since [the] defendant was given an aggregate sentence in excess of 28 years [(*i.e.*, 30 years)], his sentence was void. *Arna*, 168 Ill. 2d at 113." *Id.* at 42-43.

¶ 28 But what about section 5-5-3(c)(8) of the Code (730 ILCS 5/5-5-3(c)(8) (West 1994)), which required that the defendant be "sentenced as a Class X offender"? The supreme court adhered to its long-standing position that section 5-5-3(c)(8) "[did] not change the character or classification of the felonies committed." *Pullen*, 192 Ill. 2d at 43. Even when section 5-5-3(c)(8) increased the prison sentence, it did not change the classification of the felonies of which the defendant had been convicted. *Id.* at 44. While the prison sentence became greater, the classification of the felonies remained the same. *Id.* The *classification* of the felonies is what mattered in the consecutive-sentencing statute, section 5-8-4(c)(2) (730 ILCS 5/5-8-4(c)(2) (West 1994)).

¶ 29 In this case, though, the consecutive-sentencing statute (730 ILCS 5/5-8-4(c)(2) (West 2008)) is irrelevant, and *Pullen* is distinguishable, because none of the prison sentences imposed on defendant for the five burglaries are consecutive. All are concurrent. Defendant interprets *Pullen* as holding that section 5-5-3(c)(8) (730 ILCS 5/5-5-3(c)(8) (West 2008)) absolutely cannot increase the prison sentence for a Class 2 felony beyond the normal range for a Class 2 felony. That interpretation not only contradicts the plain language of section 5-5-3(c)(8) but also misunderstands *Pullen*. The supreme court said in *Pullen*: " '*Under section 5-5-3(c)(8), a defendant's sentence is increased because of prior felony convictions*, but the classification of [the] offense with which the defendant is charged and convicted remains the same.' " (Emphasis added.) *Pullen*, 192 Ill. 2d at 44 (quoting *People v. Jameson*,

162 Ill. 2d 282, 290 (1994)). In other words, if a defendant has a criminal history that is egregious enough, the defendant can incur a Class X penalty for a Class 2 felony–even as the offense remains classified as a Class 2 felony. 730 ILCS 5/5-5-3(c)(8) (West 2008); *Jameson*, 162 Ill. 2d at 290.

¶ 30    Thus, imposing a prison term of 25 years upon defendant for the Class 2 felony of burglary does not make his sentence void. The authorizing statute is section 5-5-3(c)(8).

¶ 31                          D. Void Fines Identified by the State

¶ 32    The State observes that when sentencing defendant to concurrent terms of 25 years' imprisonment on the 5 counts of burglary, the trial court said nothing about fines and the written sentencing order likewise says nothing about fines. The State further observes that, even though the court imposed no fines, the circuit clerk purported to impose fines upon defendant. The State identifies four such fines: $10 for "Medical Costs," $25 for "Violent Crime," $5 for "Youth Diversion," and $10 for "Anti-Crime Fund." See *People v. Williams*, 2013 IL App (4th) 120313, ¶ 18 (classifying these assessments as fines). The State notes that because the circuit clerk lacks authority to impose fines, these fines are void. See *People v. Larue*, 2014 IL App (4th) 120595, ¶ 56. Therefore, the State argues, we should vacate the fines the circuit clerk imposed, and we should remand this case with directions that the trial court impose statutorily mandated fines, including but not limited to a surcharge pursuant to section 5-9-1(c) of the Code (730 ILCS 5/5-9-1(c) (West 2008) (an "additional penalty of $10 for each $40, or fraction thereof, of fine imposed")).

¶ 33                                    1. "Medical Costs"

¶ 34    Sometimes the legislature calls an assessment a "fee" or "cost," and sometimes the legislature calls an assessment a "fine" or "penalty." When the legislature labels an assessment as a "fee" or "cost," that label "is strong evidence, but [the label] cannot overcome the actual attributes of the charge at issue." *People v. Jones*, 223 Ill. 2d 569, 599 (2006).

¶ 35    A fee or cost compensates "the state for some expenditure incurred in prosecuting the defendant," whereas a fine is a " 'pecuniary criminal punishment.' " *Id.* at 582 (quoting Black's Law Dictionary 664 (8th ed. 2004)). "This is the *central* characteristic which separates a fee from a fine. A charge is a fee if and only if it is intended to reimburse the state for some cost incurred in [the] defendant's prosecution." (Emphasis in original.) *Id.* at 600.

¶ 36    "Other factors to consider are whether the charge is only imposed after conviction and to whom the payment is made." *People v. Graves*, 235 Ill. 2d 244, 251 (2009) (citing *Jones*, 223 Ill. 2d at 600). (The first factor in that quoted sentence is a little puzzling. A *cost* likewise is imposed only after conviction. 725 ILCS 5/124A-5 (West 2008). If acquitted, the defendant incurs neither a fine nor a cost.) In *Jones*, the supreme court suggested that if the assessment were "payable to the public treasury," that factor tended to point to a fine. (Internal quotation marks omitted.) *Jones*, 223 Ill. 2d at 582. (It is unclear whether the supreme court meant only the "state treasury" (*id.* at 600) or whether it meant any "public treasury" at all (*id.* at 601).) Subsequently, however, in *Graves*, the supreme court held that even if an assessment were payable to a particular "county fund" instead of to the "state treasury," the assessment nevertheless possessed an attribute of a fine if it "further[ed] the state's interest in financing the court system." *Graves*, 235 Ill. 2d at 252.

¶ 37    The assessment labeled "Medical Costs" is to be deposited into the County Jail Medical Costs Fund rather than into a public treasury. See 730 ILCS 125/17 (West 2008). Even so, the destination of the assessment is only one factor to consider. *Graves*, 235 Ill. 2d at 251. The assessment lacks "the central characteristic" of a fee or cost: it is not "intended to reimburse the state for some cost incurred in [the] defendant's prosecution." (Emphasis omitted.) *Jones*, 223 Ill. 2d at 600. Instead, the $10 is intended as "reimbursement to the county of costs for medical expenses and administration of the Fund." 730 ILCS 125/17 (West 2008). The statute does not say "the defendant's medical expenses." Rather, it says "medical expenses" in general, incurred for the treatment of anyone in the county's custody. Upon conviction, the defendant has to pay this $10 regardless of whether he or she received any medical treatment.

¶ 38    We conclude, therefore, that the State is correct: the $10 for "Medical Costs" is a fine. We vacate this fine that the circuit clerk imposed, and we remand this case with directions that the trial court impose this fine, which, by the terms of the statute, is mandatory (*id.* ("shall be taxed")).

¶ 39                                    2. "Violent Crime"

¶ 40    The circuit court imposed an assessment of $25 labeled "Violent Crime." The relevant statute appears to be section 10(c)(1) of the Violent Crime Victims Assistance Act (Victims Act) (725 ILCS 240/10(c)(1) (West 2008)), which provides:

> "(c) When any person is convicted in Illinois on or after August 28, 1986, of an offense listed below, *** and no other fine is imposed, the following penalty shall be collected by the Circuit Court Clerk:
>
> (1) $25, for any crime of violence as defined in subsection (c) of Section 2 of the Crime Victims Compensation Act [(740 ILCS 45/2 (West 2008))]; and
>
> (2) $20, for any other felony or misdemeanor, excluding any conservation offense."

¶ 41    The State is correct that the "Violent Crime" assessment of $25 is a fine. Subsection (c), quoted above, calls it a "penalty," and a fine is, by definition, a monetary penalty, a " 'pecuniary criminal punishment.' " *Jones*, 223 Ill. 2d at 582 (quoting Black's Law Dictionary 664 (8th ed. 2004)). Therefore, we vacate this fine that the circuit clerk imposed. For two reasons, however, the trial court should refrain from imposing this fine on remand. First, burglary is not a "crime of violence as defined in subsection (c) of Section 2 of the Crime Victims Compensation Act [(740 ILCS 45/2 (West 2008))]." 725 ILCS 240/10(c)(1) (West 2008). Second, a fine under section 10(c) of the Victims Act (725 ILCS 240/10(c) (West 2008)) should be imposed only if "no other fine is imposed"–and statutory law requires the imposition of other fines.

¶ 42    Statutory law requires the imposition of a fine upon defendant under the Victims Act, but the fine must be under section 10(b) of the Victims Act (725 ILCS 240/10(b) (West 2008)), not under section 10(c). Section 10(b) provides: "On and after September 18, 1986, there shall be an additional penalty collected from each defendant upon conviction of any felony ***, an additional penalty of $4 for each $40, or fraction thereof, of fine imposed." 725 ILCS 240/10(b) (West 2008).

¶ 43    As the State notes, in addition to the Victims Act fine, statutory law requires the imposition of another fine which must be calculated on the basis of increments of $40 of other fines: the

surcharge under section 5-9-1(c) of the Code (730 ILCS 5/5-9-1(c) (West 2008) ("an additional penalty of $10 for each $40, or fraction thereof, of fine imposed")). The surcharge is calculated before the Victims Act fine, the surcharge is added to the total fines, and then the Victims Act fine is calculated on the basis of that new total. *Williams*, 2013 IL App (4th) 120313, ¶ 21; *People v. O'Laughlin*, 2012 IL App (4th) 110018, ¶ 24. On remand, the trial court should impose the surcharge as well.

¶ 44                                              3. "Youth Diversion"

¶ 45        The assessment of $5 for "Youth Diversion" (55 ILCS 5/5-1101(e) (West 2008)) is a fine. See *Graves*, 235 Ill. 2d at 251. We vacate this fine that the circuit clerk imposed.

¶ 46        The appellate court has held that a youth diversion fine is mandatory once the county board enacts an ordinance authorizing this fine. *People v. Price*, 375 Ill. App. 3d 684, 701 (2007). Presumably, the Macon County board has enacted an ordinance authorizing a youth diversion fine. Therefore, we direct the trial court, on remand, to impose a youth diversion fine in the amount of $5.

¶ 47                                              4. "Anti-Crime Fund"

¶ 48        The circuit clerk imposed an assessment of $10 labeled "Anti-Crime Fund." This assessment is a fine. *People v. Littlejohn*, 338 Ill. App. 3d 281, 284 (2003). Not only does the circuit clerk lack authority to impose fines, but this fine may be imposed only as a condition of probation (730 ILCS 5/5-6-3(b)(13) (West 2008)). Defendant was sentenced to imprisonment, not probation. Therefore, we vacate the fine of $10 labeled "Anti-Crime Fund."

¶ 49                                      E. Epilogue: Imposing Assessments

¶ 50        Whenever there is any doubt whether an assessment is essentially a fine or a fee, the safest course is for the trial judge to impose the assessment in the sentencing order. See *People v. White*, 2011 IL 109616, ¶ 20 (a sentence that is greater or lesser than statutory law allows is void); *People v. Montiel*, 365 Ill. App. 3d 601, 606 (2006) (a sentence lacking a statutorily required fine is void). The partial dissent in *People v. Breeden*, 2014 IL App (4th) 121049 (Appleton, P.J., concurring in part and dissenting in part), discusses additional assessments that, though ostensibly fees or costs, are arguably fines.

¶ 51                                              III. CONCLUSION

¶ 52        For the foregoing reasons, we grant OSAD's motion to withdraw, and we affirm the trial court's judgment as far as it goes. We vacate the void fines imposed by the circuit clerk, and we remand this case with directions that the trial court impose the fines specified herein, listing the fines in an amended sentencing order. We award the State $50 in costs against defendant.

¶ 53        Affirmed in part and vacated in part; cause remanded with directions.