THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, v. MICHAEL LEE, Petitioner-Appellant.

Second District   No. 2—92—0500

Opinion filed September 29, 1993.

No brief filed for appellant.

James E. Ryan, State's Attorney, of Wheaton (William L. Browers, Stephen E. Norris, and Kendra S. Mitchell, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE INGLIS delivered the opinion of the court:

Petitioner, Michael Lee, was convicted of forgery (Ill. Rev. Stat. 1989, ch. 38, par. 17—3(a) (now 720 ILCS 5/17—3(a) (West 1992))) and sentenced to an extended-term sentence of eight years. Petitioner appealed, and the court affirmed his conviction. Petitioner filed a post-conviction petition asserting that the court erroneously sentenced him to an extended-term sentence by relying on prior convictions which were misdemeanors enhanced to felonies. The trial court appointed counsel to assist petitioner in the post-conviction proceedings. The State moved to dismiss the petition, and the court granted the motion. Petitioner appealed, and the court appointed the State Appellate Defender to represent him on appeal.

The State Appellate Defender has moved to withdraw as counsel on appeal. Counsel states that she has thoroughly reviewed the record on appeal and has concluded that the instant appeal presents no issue of merit upon which the defendant could realistically expect to obtain any relief from this court. First, there was no showing in the circuit court that the prior felonies to which the defendant referred were in fact misdemeanors enhanced to felonies, even though the defendant was given an opportunity to provide such evidence to the court. Second, the circuit court specifically stated that it had relied on another unenhanced felony (a 1989 forgery conviction for which the defendant was placed on probation) as the basis for the imposition of the extended-term sentence. Counsel submitted a memorandum in support of the motion which sets out a history of the case and includes the issues raised by petitioner in his post-conviction petition. Counsel represents that she advised petitioner of the opinion of the Appellate Defender's office and sent a copy of the motion to him.

Counsel asserts that under *Pennsylvania v. Finley* (1987), 481 U.S. 551, 95 L. Ed. 2d 539, 107 S. Ct. 1990, the United States Constitution does not require the full protection of the procedures set out in *Anders v. California* (1967), 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396, for appeals in post-conviction proceedings. We agree with counsel that a post-conviction petitioner is entitled to representation only as provided by State law (*Finley*, 481 U.S. at 558-59, 95 L. Ed.

2d at 548, 107 S. Ct. at 1995), which, in Illinois, is reasonable representation (*People v. Flores* (1992), 153 Ill. 2d 264, 276).

Counsel requested that this court grant petitioner a reasonable opportunity to show cause why the appeal should not be dismissed or the judgment affirmed for lack of merit and why the office of the State Appellate Defender should not be allowed to withdraw as counsel on appeal. The clerk of this court advised petitioner that he had 30 days in which to respond to the motion and in which he could file any additional matters of merit. The 30-day period has elapsed, and petitioner has not responded.

We agree with counsel that there are no meritorious issues which would support an appeal. We further note that because the post-conviction petition attacked only the sentence, and petitioner served his sentence and is no longer incarcerated, the appeal is moot. We therefore grant the motion to withdraw as counsel on appeal, and we affirm the judgment of the circuit court.

Affirmed.

QUETSCH and COLWELL, JJ., concur.