NOTICE
This Order was filed under
Supreme Court Rule 23 and
is not precedent except in the
limited circumstances
allowed under Rule 23(e)(1).

2021 IL App (4th) 190205-U

NO. 4-19-0205

IN THE APPELLATE COURT

FILED
June 24, 2021
Carla Bender
4th District Appellate
Court, IL

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Coles County |
| TIMOTHY SHAW JR., | ) | No. 09CF117 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | James R. Glenn, |
| | ) | Judge Presiding. |

PRESIDING JUSTICE KNECHT delivered the judgment of the court.
Justices Cavanagh and Holder White concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The appellate court granted the Office of the State Appellate Defender's motion to
withdraw as appellate counsel and affirmed the trial court's judgment as no
meritorious issue could be raised on appeal.

¶ 2        Defendant, Timothy Shaw Jr., appeals from the trial court's dismissal of his

successive postconviction petition and motion for a new trial. On appeal, the Office of the State

Appellate Defender (OSAD) moves to withdraw as appellate counsel on the grounds no

meritorious issue can be raised on appeal. Defendant has not filed a response to OSAD's motion.

We grant OSAD's motion and affirm the trial court's judgment.

¶ 3                                I. BACKGROUND

¶ 4        On direct appeal, this court previously set forth all of the relevant facts involved

in this case. We reiterate only the facts necessary in reaching our decision below.

¶ 5                          A. Stipulated Bench Trial and Direct Appeal

¶ 6          In February 2009, the State charged defendant with two counts of predatory criminal sexual assault of a child (720 ILCS 5/12-14.1(a)(1) (West 2008)), alleging defendant placed his finger in the sex organ of M.C. (count I) and placed his mouth on the sex organ of K.C. (count II).

¶ 7          In August 2011, a stipulated bench trial was held. The trial court found defendant guilty but mentally ill of count I and, upon the State's request, dismissed count II. In October 2011, the court sentenced defendant to 28 years' imprisonment followed by 12 years' mandatory supervised release. On direct appeal, this court affirmed defendant's conviction. See *People v. Shaw*, 2014 IL App (4th) 120910-U.

¶ 8                          B. Relevant Postconviction Proceedings

¶ 9          In July 2014, defendant filed a *pro se* petition seeking postconviction relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2012)). Defendant asserted "[t]he detective from M.P.D. lied during the preliminary hearing and in his cross exam." Defendant alleged claims of actual innocence and ineffective assistance of his trial counsel. Defendant further alleged he never received his *Miranda* warnings (see *Miranda v. Arizona*, 384 U.S. 436 (1966)) and denied giving a confession to police. In August 2014, the trial court denied defendant's petition as frivolous and patently without merit. Defendant did not appeal the denial of his petition.

¶ 10         In May 2015, defendant filed a *pro se* motion for leave to file a successive postconviction petition, claiming a violation of his due process rights where his taped confession showed the evidence had been altered to make him look guilty. The trial court subsequently denied defendant's motion, finding the motion "fail[ed] to satisfy the cause and prejudice test as

required by 725 ILCS 5/122-1(f)." Defendant appealed. This court vacated certain fees and assessments imposed by the circuit clerk and otherwise affirmed the court's judgment. See *People v. Shaw*, 2017 IL App (4th) 150484-U.

¶ 11 In June 2016, defendant filed a second *pro se* postconviction petition alleging he "was denied his right to the effective assistance of trial counsel *** where his attorney failed to interview and call as witnesses 2 people who could have corroborated defendant[']s alibi." The trial court entered a written order denying defendant's *pro se* postconviction petition, finding defendant "failed to request leave of court to file the petition *** and is not in compliance with the requirements of 725 ILCS 5/122-1(f)." Defendant did not appeal the court's judgment.

¶ 12 In August 2016, defendant filed a *pro se* motion for leave to file a successive postconviction petition alleging actual innocence. Defendant also asserted he demonstrated both cause and prejudice and further asserted a violation of his due process rights, realleging his ineffective assistance claim based on trial counsel's failure to call two witnesses who would have corroborated defendant's alibi.

¶ 13 In October 2016, the trial court denied defendant's motion for leave to file a successive postconviction petition, finding defendant failed to raise any new issues and failed to meet the standard set forth in *People v. Pitsonbarger*, 205 Ill. 2d 444, 793 N.E.2d 609 (2002). Defendant did not appeal from the court's denial of his motion.

¶ 14                              C. The Instant Postconviction Petition

¶ 15 On March 15, 2019, defendant filed a successive *pro se* postconviction petition, the subject of the instant appeal. Defendant did not file an accompanying motion requesting leave to file a successive postconviction petition. In the petition, defendant argued review of his conviction and sentence was necessary, asserting, *inter alia*, (1) his real name was "Timmy Shaw

Jr." and Timothy N. Shaw Jr. was an imposter and sex offender, (2) M.C.'s father was the actual perpetrator of the sexual assault against her, (3) ineffective assistance of trial counsel where counsel coerced defendant into retracting a statement he knew would show guilt and refused to allow defendant to testify on his own behalf, (4) ineffective assistance of trial counsel where counsel failed to challenge David Vanderport's perjured testimony at defendant's preliminary hearing, (5) the victim's videotaped interview was inadmissible as medical testimony because it was not made for medical purposes, and (6) he was innocent because "nothing has been prove[n] and the world is a safer place with a real cop around."

¶ 16          On March 18, 2019, the trial court entered a written order dismissing defendant's *pro se* postconviction petition as "frivolous or patently without merit, having no arguable basis either in law or in fact." The court found the petition "fail[ed] to demonstrate cause for Defendant's failure to bring the claims in his initial post-conviction proceedings or prejudice resulting from that failure" and further found "[t]he issues of said Petition could have been raised on direct appeal, but were not."

¶ 17                              D. Defendant's Motion for New Trial

¶ 18          On April 3, 2019, defendant filed a motion for new trial "based on newly discovered evidence." Citing *People v. Ortiz*, 235 Ill. 2d 319, 919 N.E.2d 941 (2009), defendant asserted he was entitled to a new trial "if their [*sic*] was an error in [his] trial which their [*sic*] was." Defendant alleged (1) social worker Ann Drake failed to present any deoxyribonucleic acid (DNA) evidence and was not a doctor, (2) trial counsel was aware Drake was not a doctor but failed to raise the issue at trial, and (3) trial counsel knew defendant's actual name was "Timmy Shaw Jr." Defendant further asserted his *Miranda* rights were violated where authorities continued questioning him following his request for an attorney.

¶ 19 That same day, the trial court entered a docket entry denying defendant's motion, which stated:

> "Court lacks jurisdiction to address the (Motion for) New Trial Based on Newly Discovered Evidence ***. If the motion is intended to be another post-conviction petition, Defendant failed to seek leave of court. The motion fails to demonstrate cause for Defendant's failure to bring the claims in his initial post-conviction proceedings or prejudice resulting from that failure. The issues of the motion could have been raised on direct appeal, but were not."

¶ 20 On April 12, 2019, OSAD, appointed counsel for defendant on appeal, filed an amended notice of appeal from the trial court's orders dismissing defendant's successive postconviction petition and motion for a new trial.

¶ 21 On November 13, 2020, OSAD filed a motion for leave to withdraw as defendant's counsel and attached a supporting memorandum of law citing *People v. Greer*, 212 Ill. 2d 192, 817 N.E.2d 511 (2004), *People v. Lee*, 251 Ill. App. 3d 63, 621 N.E.2d 287 (1993), and *People v. White*, 2020 IL App (4th) 160793, 153 N.E.3d 1084.

¶ 22                                      II. ANALYSIS

¶ 23 On appeal, OSAD asserts no colorable argument can be made the trial court erred in denying defendant's successive postconviction petition—filed March 15, 2019—and subsequent motion for new trial. We agree.

¶ 24 The Act "provides a mechanism for criminal defendants to challenge their convictions or sentences based on a substantial violation of their rights under the federal or state constitutions." *People v. Morris*, 236 Ill. 2d 345, 354, 925 N.E.2d 1069, 1075 (2010). The Act contemplates the filing of only a single postconviction petition, and any claim not raised in the

original postconviction petition is deemed forfeited. *People v. Holman*, 2017 IL 120655, ¶ 25, 91 N.E.3d 849. To obtain leave to file a successive postconviction petition, a defendant must either (1) show cause and prejudice for the failure to raise a claim in his or her earlier petition or (2) set forth a colorable claim of actual innocence. *Id.* ¶ 26.

¶ 25 Under the cause-and-prejudice test, a defendant demonstrates cause by identifying "an objective factor that impeded his or her ability to raise a specific claim during his or her initial post-conviction proceedings[.]" 725 ILCS 5/122-1(f)(1) (West 2018). A defendant demonstrates prejudice by showing the "claim not raised during his or her initial post-conviction proceedings so infected the trial that the resulting conviction or sentence violated due process." 725 ILCS 5/122-1(f)(2) (West 2018). To support a claim of actual innocence, "the evidence in support of the claim must be 'newly discovered'; material and not merely cumulative; and of such conclusive character that it would probably change the result on retrial." *People v. Edwards*, 2012 IL 111711, ¶ 32, 969 N.E.2d 829. "Newly discovered evidence is evidence that was unavailable at trial and could not have been discovered sooner through due diligence." *People v. Harris*, 206 Ill. 2d 293, 301, 794 N.E.2d 181, 187 (2002).

¶ 26 OSAD has identified six possible claims in defendant's successive postconviction petition. All of defendant's claims are forfeited as they could have been raised previously. Moreover, defendant failed to explain why he could not have raised his claims in his initial *pro se* postconviction petition, and he failed to provide sufficient information in support of his claims to establish cause and prejudice for not bringing them in his initial petition. Defendant further failed to set forth a viable claim of actual innocence or any valid basis on which the trial court's judgment could be considered void. The trial court therefore properly denied defendant's successive postconviction petition.

¶ 27    OSAD next asserts no colorable argument can be made the trial court erred in dismissing defendant's *pro se* motion for new trial. As OSAD points out, the trial court properly found it lacked jurisdiction to review defendant's motion where it was filed well beyond 30 days following defendant's conviction. See *People v. Bailey*, 2014 IL 115459, ¶ 8, 4 N.E.3d 474 (stating a trial court is generally divested of jurisdiction 30 days after the entry of a final judgment unless a posttrial motion is filed within that time).

¶ 28    Even assuming defendant's *pro se* motion for new trial was meant to be construed as another successive postconviction petition (see *People v. Smith*, 371 Ill. App. 3d 817, 821, 867 N.E.2d 1150, 1154 (2007) (stating "a motion's content determines its character, not the title or label asserted by the movant")), defendant failed to demonstrate a viable claim of actual innocence or establish cause and prejudice. Defendant does not allege he discovered any new information which prevented him from raising these claims in his initial postconviction petition, and he failed to cite any reason why the alleged errors could not have been discovered sooner through due diligence. We agree with OSAD's assessment no colorable argument can be made suggesting the trial court erred in dismissing defendant's motion for new trial.

¶ 29                    III. CONCLUSION

¶ 30    We grant OSAD's motion for leave to withdraw as appellate counsel and affirm the trial court's judgment.

¶ 31    Affirmed.