2022 IL App (2d) 220046-U
No. 2-22-0046
Order filed November 28, 2022

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(l).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the Circuit Court of De Kalb County. |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 10-CF-579 |
| | ) | |
| MARK A. TATE, | ) | Honorable |
| | ) | Joseph C. Pedersen, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE HUDSON delivered the judgment of the court.
Justices McLaren and Birkett concurred in the judgment.

**ORDER**

¶ 1    *Held*: Appellate counsel's motion for leave to withdraw is granted because none of the potential issues raised on appeal have arguable merit; as such, the judgment of the circuit court is affirmed.

¶ 2    Defendant appeals the dismissal of his amended postconviction petition raising claims of (1) ineffective assistance of trial counsel in a variety of respects; (2) ineffective assistance of counsel on direct appeal, and (3) several violations of due process during the trial and after sentencing. His appellate counsel has moved to withdraw (*Pennsylvania v. Finley*, 481 U.S. 551 (1987); *People v. Lee*, 251 Ill. App. 3d 63 (1993)), contending that she read the record and found

no issue of arguable merit. Counsel supports her motion with a memorandum of law providing a statement of facts, a list of potential issues, and arguments why those issues lack arguable merit. Counsel served defendant with a copy of the motion and memorandum. Defendant was given 30 days to file a response, and he did so. We conclude that this appeal lacks arguable merit based on the reasons set forth in counsel's memorandum. Therefore, we grant counsel's motion and affirm the trial court's judgment.

¶ 3                                  I.  BACKGROUND

¶ 4       After a jury trial, defendant, Mark A. Tate, was found guilty of one count of aggravated criminal sexual assault (720 ILCS 5/12-14(a)(2) (West 2010)), six counts of criminal sexual assault of a family member who was under 18 years old (*id.* § 12-13(a)(3)) and seven counts of aggravated criminal sexual abuse (*id.* § 12-16(b)). The victim of these offenses, K.R., was the daughter of defendant's wife, Cynthia T. Defendant filed (1) a posttrial motion through counsel and (2) a *pro se* motion alleging that trial counsel had rendered ineffective assistance and requesting the appointment of an attorney to address the *pro se* allegations (see *People v. Krankel*, 102 Ill. 2d 181 (1984)). The trial court denied both motions and then sentenced defendant to a 30-year prison term for aggravated criminal sexual assault, to run consecutively to the remaining concurrent sentences of 4 years for each conviction of criminal sexual assault and 5 years for each conviction of aggravated criminal sexual abuse. Defendant appealed. The trial court appointed the Office of the State Appellate Defender to represent him. Appellate counsel moved to withdraw because there were no arguably meritorious issues on appeal. See *Anders v. California*, 386 U.S. 738 (1967); *People v. Jones*, 38 Ill. 2d 384 (1967). We granted the motion and affirmed the judgment. *People v. Tate*, 2015 IL App (2d) 130733-U.

¶ 5     In 2016, defendant filed a *pro se* petition for relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2016)), raising numerous claims of ineffective assistance of trial and appellate counsel and various trial errors.  The trial court appointed the public defender, who withdrew.  The court appointed Daniel Transier (hereinafter "postconviction counsel") as conflict counsel.  In 2017, Transier filed a "supplemental" postconviction petition raising several additional claims and also stated that he was adopting defendant's *pro se* claims.  On June 14, 2019, the State moved to dismiss the combined *pro se* and supplemental petitions.  At a hearing on October 15, 2019, the State contended in part that defendant had no right to hybrid representation.

¶ 6     On November 12, 2020, however, postconviction counsel filed an amended postconviction petition raising claims of (1) ineffective assistance of trial counsel in a variety of respects; (2) ineffective assistance of counsel on direct appeal, and (3) several violations of due process during the trial and after sentencing.  We shall detail these claims in our discussion below.

¶ 7     On April 12, 2021, defendant filed a *pro se* "revised petition."  The State moved to strike the revised petition, contending that defendant could not both have counsel and proceed *pro se*.  On June 9, 2021, defendant's case was reassigned from Judge Robbin Stuckert to Judge Joseph C. Pedersen, due to Judge Stuckert's recent retirement.  On October 15, 2021, the trial court essentially agreed with the State's motion to strike the revised petition.  The court gave defendant a choice between (1) retaining postconviction counsel and limiting the proceeding to the amended petition and (2) discharging counsel and proceeding *pro se*.  Defendant chose the former.

¶ 8     On January 4, 2022, on the State's motion, the trial court dismissed the amended petition. Defendant timely appealed.

¶ 9    Per *Pennsylvania v. Finley*, 481 U.S. 551 (1987), and *People v. Lee*, 251 Ill. App. 3d 63 (1993), the appellate defender moves to withdraw as counsel. In her motion, counsel states that she read the record and found no issue of arguable merit. Counsel further states that she advised defendant of her opinion. Counsel supports her motion with a memorandum of law providing a statement of facts, a list of potential issues, and arguments why those issues lack arguable merit. We advised defendant that he had 30 days to respond to the motion. Defendant has responded.

¶ 10                                II. ANALYSIS

¶ 11    On appeal, counsel suggests six potential issues with numerous sub issues: (1) whether defendant's trial counsel was ineffective for (a) failing to object to allegedly incomplete jury instructions on the terms "sexual conduct," "sexual penetration," and "family member"; (b) failing to request a jury instruction on the requisite mental state of knowledge or intent for offenses allegedly committed by force or the threat of force; (c) requesting that the court provide the indictment to the jury during its deliberations; (d) failing to investigate letters K.R. allegedly wrote that praised defendant, as these letters could have been used for impeachment at trial; (e) failing to consult with a DNA expert; (f) failing to consult with an expert on the variety of ways a woman may become pregnant; (g) being inattentive and chewing on a pen at trial; (h) failing to investigate whether the State had not disclosed exculpatory evidence to the defense (see *Brady v. Maryland*, 373 U.S. 83 (1963)); (i) failing to file motions to compel the State to provide specific times and dates for the charged offenses; and (j) failing to review discovery with defendant before trial, prepare him to testify at trial, or investigate and call potential defense witnesses; (2) whether appellate counsel was ineffective for failing to raise the ineffectiveness of trial counsel; (3) whether defendant's original postconviction attorney failed to fulfill his duties to defendant; (4) whether defendant was denied due process at his trial when jurors saw him being transported

in the back of a marked police car; (5) whether defendant was denied due process when, after trial and sentencing, the State moved to dismiss some of the charges; and (6) whether postconviction counsel failed to provide reasonable assistance in that he did not support several conclusional claims in the amended postconviction petition. However, counsel concludes that none of these claims has arguable merit. Defendant has filed a lengthy response that includes both (1) cognizable arguments against counsel's motion to withdraw and (2) legally irrelevant matters, matters outside the record, personal attacks on several people, and, finally, some portions that are simply incomprehensible.

¶ 12     We explain why we agree with appellate counsel that none of the potential issues on appeal have arguable merit. In the course of doing so, we shall address defendant's arguments to the contrary as regards each claim, but we shall disregard matters in his response that are legally irrelevant, not based on the record, or incomprehensible.

¶ 13     First, we set out the basic principles of review. To survive a motion to dismiss, a postconviction petition must make a substantial showing of a constitutional violation. *People v. Coleman*, 183 Ill. 2d 366, 381 (1998). In assessing whether the petition has done so, the trial court must accept all well-pleaded factual allegations and any accompanying affidavits as true unless they are refuted by the record. *People v. Domagala*, 2013 IL 113688, ¶ 35. However, nonfactual and nonspecific assertions that merely amount to conclusions are not sufficient to require a hearing under the Act. *People v. West*, 187 Ill. 2d 418, 425-26 (2010). Claims that were raised and decided on direct review are barred by *res judicata*; claims that could have been raised on direct review, but were not, are forfeited. *People v. Taylor*, 237 Ill. 2d 356, 372 (2010). Our review is *de novo*. *West*, 187 Ill. 2d at 426.

¶ 14 We start with the allegations of ineffective assistance of trial counsel. To establish ineffective assistance, a defendant must show that (1) counsel's performance was objectively unreasonable and (2) it is reasonably probable that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 46 U.S. 668, 688, 694 (1984); *People v. Albanese*, 104 Ill. 2d 504, 526 (1984).

¶ 15 Counsel first addresses the claim that defendant's trial counsel was ineffective for failing to object to allegedly incomplete jury instructions on the terms "sexual conduct," "sexual penetration," and "family member." The amended petition contended that the definitions that the jury received were Illinois pattern instructions with some verbiage omitted. Counsel notes that the instructions excluded only portions of the definitions that were irrelevant to the facts of defendant's case. For example, the definition of "sexual conduct," which was given in regard to the charges alleging that defendant committed aggravated sexual abuse by touching the breast of the victim, tracked the pattern instruction but omitted the bracketed words "sex organ" and "anus." See Illinois Pattern Jury Instructions, Criminal, No. 11.65D (4th ed. 2000). Counsel reasons that trial counsel did not perform unreasonably and that defendant could not have been prejudiced by the omission of the uncharged bases for findings of guilt. We agree.

¶ 16 In his response, defendant appears to argue, here and elsewhere, that by filing a motion to dismiss the amended petition, the State conceded the merits of his claim. This is mistaken; defendant confuses the admission of well-pleaded facts with the admission of legal conclusions.

¶ 17 Counsel addresses next the claim that trial counsel was ineffective for failing to request instructions for the mental state required for the charges that alleged he used force or the threat of force. Counsel notes first that the State nol-prossed all of the charges that were based on the use or threat of force. Thus, requesting an instruction on mental state would have made no sense in

this context, and the absence of such an instruction caused no prejudice. Counsel notes second that, as to the offenses for which defendant was actually tried, instructions on the specific applicable mental state are not required. See *People v. Simms*, 192 Ill. 2d 348, 376 (2000) (aggravated criminal sexual assault). The reason is that proof that the defendant performed the act necessarily implies that he intended to perform it, as that mental state almost always accompanies the prohibited act. *Id.* at 375-76; see *People v. Burton*, 201 Ill. App. 3d 116, 122 (1990). Thus, counsel concludes, trial counsel neither performed unreasonably nor prejudiced defendant by refusing to request an instruction that was not required and would have been superfluous. We agree.

¶ 18    Defendant responds that, because he was not charged with strict liability offenses, he was entitled to the instruction on the required mental state for each offense. The case law that we have cited demonstrates that defendant's conclusion does not flow from his premise.

¶ 19    Counsel next addresses the claim that trial counsel was ineffective for requesting that the court provide a copy of the indictment to the jurors to consider during deliberations. Counsel notes that trial counsel's strategy included emphasizing that, although the charges were differentiated by specific time frames (generally different months), K.R. did not testify that any given act by defendant occurred at a specific time. In making his request, trial counsel explained to the court that he wanted to ensure that the jury was aware that most charges were tied to a specific window of time, even though the verdict forms did not distinguish them in this way. For example, although the indictment specified that each of the six charges of aggravated criminal sexual abuse alleged conduct that occurred within a particular month (October 2009, November 2009, etc.), the six pertinent pairs of verdict forms referred only to "aggravated criminal sexual abuse." Thus, trial counsel hoped that reading the indictment would remind the jurors that proof of each count

required not only proof of the act but also proof that it happened within a given time window; this was consistent with counsel's strategy of emphasizing that K.R. could not give any specific dates for the alleged acts. Counsel asserts that this was a reasonable strategy designed to promote the chance of acquittals on at least some of the charges. Thus, she concludes, this claim of ineffectiveness lacks arguable merit. We agree.

¶ 20    In his response, defendant contends that the indictment was never introduced into evidence. However, this fact is wholly irrelevant to the issue of counsel's alleged ineffectiveness. He also contends that the indictment was void, but we find his argument unsupported by coherent reasoning of any kind.

¶ 21    Counsel considers next the claim that trial counsel was ineffective for failing to investigate letters that K.R. allegedly wrote to her biological father, praising defendant. The amended petition asserted generally that these letters could have been used to impeach K.R. at trial. Counsel observes that the amended petition did not (1) attach any of the alleged letters or an affidavit as to their content or (2) even allege when the letters were written or their specific content. Counsel reasons that such speculative and vague allegations do not make a substantial showing of either unreasonable performance or prejudice. We agree.

¶ 22    In his response, defendant reasserts his claim that the letters would have helped his defense, but he provides none of the evidentiary support that was lacking in the amended petition (and, in any event, it would be too late to do so now.) Defendant does not respond directly to counsel's arguments.

¶ 23    Counsel next addresses the amended petition's claim that trial counsel was ineffective for failing to move for the appointment of a DNA expert for defendant, who could have found flaws in the State's DNA evidence. Counsel notes that the amended petition attached no affidavits or

other evidence to support this speculation. Moreover, at the *Krankel* hearing, the trial court determined that there were no deficiencies in the DNA evidence. On appeal, we agreed with counsel that the challenge to the DNA evidence would have been frivolous. The amended petition raised nothing but hope. We agree with counsel that it would be frivolous to argue that this specific claim made a substantial showing of ineffective assistance.

¶ 24    In his response, defendant argues that he needed a DNA expert to rebut the State's DNA experts, but he offers no affidavits or other evidence that any expert would have found flaws in the State's expert testimony.

¶ 25    Counsel next addresses the amended petition's claim that trial counsel was ineffective because he "never consulted medical experts regarding the variety of way [*sic*] a woman can become pregnant." We note that this claim can be understood only in the context of the trial and defendant's strategy. At trial, defendant essentially admitted that he was the father of K.R.'s baby (a concession all but necessitated by the DNA evidence), but he contended that this did not prove that he had had sexual intercourse with K.R. To support his theory, defendant testified that, on Valentine's Day 2010, about nine months before K.R. gave birth, he and Cynthia T. had sexual intercourse and, shortly afterward, K.R. found and put on Cynthia's semen-stained underwear.

¶ 26    Counsel notes the obvious infirmities in this claim. The amended petition based the claim on pure speculation, with no evidence that any such expert existed or, indeed, that there was any scientific support for defendant's novel theory. We agree with counsel that this claim did not make a substantial showing of a constitutional violation.

¶ 27    In his response, defendant contends that the State's DNA evidence was insufficient because the State never gave his sample a "unique identifier." He also makes unsupported allegations about what Cynthia T. told him in telephone conversations after he was jailed on the present

charges. (These conversations were mentioned in the *pro se* petition but not in the amended petition, which is the actual subject of this appeal.) Defendant's rambling discussion of this issue does not respond to counsel's observations of the obvious infirmities in contending that trial counsel should have consulted an expert on how a woman can become pregnant.

¶ 28 Counsel next addresses the amended petition's claim that trial counsel was ineffective for being inattentive at times during trial and chewing on a pen. Counsel observes that, at the *Krankel* hearing, the trial court heard the same claim and found that it had no merit. Thus, as counsel concludes, this claim is barred by *res judicata*. We agree.

¶ 29 In his response, defendant contends that postconviction counsel failed to interview people, such as jurors and the court reporter, who might have substantiated this claim. Certainly, the amended petition provided no evidentiary support for this claim. However, this does not mean that postconviction counsel did not make reasonable efforts to investigate the claim. As counsel notes, a trial court, in ruling upon a motion to dismiss a postconviction petition that counsel has not supported by affidavits or other documents, "may reasonably presume that post-conviction counsel made a concerted effort to obtain affidavits in support of the post-conviction claims, but was unable to do so." *People v. Johnson*, 154 Ill. 2d 227, 241 (1993). Defendant now offers only speculation that anyone would have corroborated his claim. But postconviction counsel's duties do not include "bolstering every claim presented in a petitioner's *pro se* post-conviction petition, regardless of its legal merit." *People v. Custer*, 2019 IL 123339, ¶ 38. Finally, defendant does not respond to counsel's statement that this issue is barred by *res judicata*.

¶ 30 Counsel next addresses the amended petition's claim that trial counsel was ineffective for failing to investigate any *Brady* violations. Counsel notes that, like so many other claims in the amended petition, this claim was purely conclusional: no facts were pleaded even to suggest

possible *Brady* violations, much less to identify specific exculpatory or impeaching evidence or any possible prejudice. Thus, counsel concludes, this claim was wholly insufficient to make a substantial showing of a constitutional violation. We agree.

¶ 31 In his response, defendant contends that postconviction counsel failed to fulfill his duties by supporting the claim with specific evidence of *Brady* violations. However, defendant's argument presupposes that such evidence actually existed, even though he never produced any in his *pro se* petition and apparently supplied none to postconviction counsel. As we explained in our discussion of the previous issue, postconviction counsel was not obligated to bolster a meritless claim, and his Rule 651(c) certificate raised the presumption, which defendant has not rebutted, that he attempted to obtain evidentiary support for the claim but was unable to do so.

¶ 32 Counsel next addresses the amended petition's claim that trial counsel was ineffective for failing to file motions to compel the State to provide specific dates, times, and locations for each alleged act underlying a charged offense. Counsel notes that these specifics were not elements of the offenses and the State did not need to prove them at trial. See *People v. Letcher*, 386 Ill. App. 3d 327, 331-32 (2008). We note that, because K.R.'s testimony did not include specific dates and times, it is unclear what trial counsel could have gained by moving to require the State to provide such specific facts before trial. Apparently, they were simply unknown. In any event, we agree with counsel that this claim does not make a substantial showing of either deficient performance or prejudice.

¶ 33 In his response, defendant contends that the State's failure to provide specific times and dates rendered the indictment void. There is no legal support for this theory.

¶ 34 Counsel next addresses the amended petition's claim that trial counsel was ineffective for failing (1) to review discovery with him, (2) to prepare him to testify at trial, and (3) to investigate

or call (unspecified) witnesses. Counsel observes that points (1) and (2) are barred by *res judicata*, as they were raised during the *Krankel* hearing and decided adversely to defendant. Counsel observes further that (3) is unsupported by any specific allegation as to whom he wanted counsel to investigate and call or what their testimony would have been; thus, the claim was meritless (see *People v. Moore*, 189 Ill. 2d 521, 542 (2000)). We agree.

¶ 35    In his response, defendant contends that some of the witnesses were identified in his *pro se* petition. But this appeal is from the dismissal of the amended petition at the second stage of the proceedings, after defendant told the court that he was relying on postconviction counsel's representation. Moreover, defendant did not attach to his *pro se* petition any affidavits or other evidence in support of any claim that trial counsel was ineffective in declining to call these witnesses.

¶ 36    In sum, we agree with counsel that it would be frivolous to argue that the trial court erred in dismissing the amended petition's claims of ineffective assistance of trial counsel.

¶ 37    We turn to the amended petition's claim that defendant's counsel on direct appeal was ineffective for failing to argue that trial counsel rendered ineffective assistance. Claims of appellate counsel's ineffectiveness are governed by the two-pronged *Strickland* test of deficient performance and prejudice. *People v. Smith*, 195 Ill. 2d 179, 187-88 (2000). Counsel notes that it is not deficient performance for appellate counsel to decline to raise an argument that he or she believes to be without merit, unless counsel's appraisal of the merits is patently wrong. *People v. Barnard*, 104 Ill. 2d 218, 230-31(1984). Moreover, unless an issue is meritorious, no prejudice results from appellate counsel's failure or refusal to raise it. *Smith*, 195 Ill. 2d at 190. We have agreed with counsel that there are no sound bases for asserting trial counsel's ineffectiveness.

Thus, there is no nonfrivolous argument that the trial court erred in dismissing the claim that appellate counsel was ineffective.

¶ 38     In his response, defendant asserts summarily that appellate counsel failed to investigate all of the claims he raised in response to the *Anders* motion and also failed to raise other claims that defendant raised in his *pro se* postconviction petition.  Defendant offers nothing to convince us of a potential basis for asserting appellate counsel's ineffectiveness.

¶ 39     Counsel next addresses the amended petition's claim that defendant's originally appointed postconviction counsel performed deficiently by failing to fulfill various duties.  Counsel observes that defendant's original postconviction attorney was replaced by Transier, who represented defendant fully, amended the original petition, and filed a certificate per Illinois Supreme Court Rule 651(c) (eff. July 1, 2017) stating that he complied with his duties.  Counsel also notes that the amended petition specified neither what original postconviction counsel should have done nor what prejudice defendant suffered.  We agree with counsel that there is no nonfrivolous argument that the trial court erred in holding that this claim did not make a substantial showing of a constitutional violation.

¶ 40     In his response, defendant notes that original postconviction counsel told him that his *pro se* petition had viable claims and that he should obtain conflict counsel.  The pertinence of these assertions to anything at issue in this appeal is simply unclear.

¶ 41     Counsel next addresses the amended petition's claim that defendant was denied his right to a fair and impartial trial when some jurors saw him being transported in a marked police car.  Counsel observes first that, because this alleged error was never raised at trial or on appeal, it was forfeited.  See *People v. Enoch*, 122 Ill. 2d 176, 186 (1988) (The amended petition did not contend that trial counsel was ineffective for failing to raise the issue.)  Further, counsel observes that the

claim was conclusional and established no basis for finding reversible error. See *People v. O'Toole*, 226 Ill. App. 3d 974, 985 (1992) (jurors' accidental viewing of restrained defendant was not reversible error without an affirmative showing of prejudice); *People v. Greene*, 102 Ill. App. 3d 933, 936 (1981) (same). We agree with counsel that there is no nonfrivolous argument that the trial court erred by holding that this claim did not make a substantial showing of a constitutional violation.

¶ 42    In his response, defendant makes numerous allegations of fact that have no support in the trial record or in any affidavits or other evidence from the postconviction proceeding. Defendant does not recognize that a response to a *Finley* motion is not a proper venue in which to start litigating a claim of trial error that was never raised before.

¶ 43    Counsel next addresses the amended petition's claim that defendant was denied due process when, after trial and sentencing, the State moved to dismiss two counts on which he had been sentenced in addition to other counts on which he was never tried because the State had sought to dismiss them before trial. The amended petition alleged, with no citation to authority or legal argument, that the State's allegedly tardy motion to dismiss the two counts divested the trial court of jurisdiction over defendant and therefore required his immediate release. We agree with counsel that the claim does not allege a deprivation of due process or any prejudice to defendant from the tardy motion to dismiss and that there is no legal basis to suggest that the action divested the trial court of jurisdiction over defendant. Thus, there is no nonfrivolous argument that the court erred in holding that this claim made no substantial showing of a constitutional violation.

¶ 44    In his response, defendant notes some general principles of law, but these have no bearing on this potential issue. He also repeats arguments on other potential issues with which we have already dealt. He also contends, with no support, that the trial court acted in collusion with the

prosecutor to some nefarious end. Whatever substance there might be to this assertion, it is not before us now.

¶ 45 Finally, counsel addresses whether postconviction counsel denied defendant his right under the Act to reasonable representation (see *People v. Perkins*, 229 Ill. 2d 34, 42 (2007)) by failing to support any of the conclusional claims in the amended petition with necessary details or evidence. Counsel notes that, under Rule 651(c), postconviction counsel's duties include making any amendments to the petition necessary for an adequate presentation of the petitioner's contentions. Counsel notes further that postconviction counsel's Rule 651(c) certificate created a rebuttable presumption that he provided reasonable assistance. See *People v. Jones*, 2011 IL App (1st) 092529, ¶ 23. As noted earlier, counsel's duties do not include "bolstering every claim presented in a petitioner's *pro se* post-conviction petition, regardless of its legal merit" (*Custer*, 2019 IL 123339, ¶ 38), and a trial court, in ruling upon a motion to dismiss a postconviction petition that counsel has not supported by affidavits or other documents, "may reasonably presume that post-conviction counsel made a concerted effort to obtain affidavits in support of the post-conviction claims, but was unable to do so" (*Johnson*, 154 Ill. 2d at 241).

¶ 46 Counsel concludes that the presumption in favor of postconviction counsel's performance has not been rebutted. She notes that, at the *Krankel* hearing, defendant suggested no supporting evidence for many of his conclusional claims, some of which ended up in the amended petition. Thus, defendant cannot now claim that postconviction counsel violated his duties by not actively searching outside the record for evidence that might support general claims raised in a postconviction petition. See *Johnson*, 154 Ill. 2d at 247-48.

¶ 47 Counsel also states that she has examined the claims that defendant made in his original *pro se* petition and has found no basis on which to argue that the exclusion of some of those claims

from the amended petition was unreasonable or prejudicial. We have examined those excluded claims and agree with counsel.

¶ 48 Defendant does not directly respond to counsel on this point. In any event, as this appeal is from the dismissal of the amended postconviction petition at the second stage of proceedings, any issues raised in the superseded *pro se* petition are irrelevant here.

¶ 49 After examining the record, the motion to withdraw, the memorandum of law, and defendant's response, we agree with counsel that this appeal presents no issue of arguable merit. Thus, we grant the motion to withdraw and affirm the judgment of the trial court.

¶ 50                                       III.    CONCLUSION

¶ 51 For the reasons stated, we affirm the judgment of the circuit court of De Kalb County.

¶ 52 Affirmed.