2024 IL App (2d) 230302-U
No. 2-23-0302
Order filed April 5, 2024

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 01-CF-2421 |
| DANIEL BELMAN HERNANDEZ, | ) ) ) | Honorable Salvatore L. LoPiccolo Jr., |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE SCHOSTOK delivered the judgment of the court.
Presiding Justice McLaren and Justice Birkett concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Finding no arguably meritorious issues for appeal, we grant appellate counsel's motion to withdraw, and we affirm the trial court's judgment.

¶ 2    In 2003, defendant, Daniel Belman Hernandez, entered fully negotiated guilty pleas to four counts of predatory criminal sexual assault of a child (720 ILCS 5/12-14.1(a)(1) (West 2000)) and one count of aggravated kidnapping (*id.* § 10-2(a)(2)).  Per the plea agreement, he was sentenced to consecutive prison terms totaling 39 years.  He did not file a postjudgment motion or a direct appeal.  In 2017, defendant filed a *pro se* petition for relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/1-122 *et seq.* (West 2016)).  The trial court summarily dismissed the petition.

Defendant appealed, and the trial court appointed the Office of the State Appellate Defender (OSAD) to represent defendant on appeal. Thereafter, the appellate defender moved to withdraw. We granted the motion and affirmed the trial court. See *People v. Hernandez*, No. 2-18-0019, ¶ 7 (2019) (unpublished summary order under Illinois Supreme Court Rule 23(c)).

¶ 3    On June 21, 2023, defendant moved under section 122-1(f) of the Act (725 ILCS 5/122-1(f) (West 2020)) for leave to file a successive postconviction petition. His proposed petition contended that his trial counsel had provided ineffective assistance in connection with his sentencing and that his aggregate 39-year prison term was a *de facto* life sentence that violated the eighth amendment to the United States Constitution (U.S. Const., amend VIII) as construed in *Miller v. Alabama*, 567 U.S. 460 (2012), and the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 11) as construed to incorporate *Miller*'s requirements. The trial court denied the motion. Defendant timely appealed, and the trial court appointed OSAD to represent defendant on appeal.

¶ 4    Per *Pennsylvania v. Finley*, 481 U.S. 551 (1987), and *People v. Lee*, 251 Ill. App. 3d 63 (1993), the appellate defender moves to withdraw as counsel. In his motion, counsel states that he read the record and found no issue of arguable merit. Counsel further states that he advised defendant of his opinion. Counsel supports his motion with a memorandum of law providing a statement of facts, a list of potential issues, and arguments as to why those issues lack arguable merit. We advised defendant he had 30 days to respond to the motion. Defendant has responded.

¶ 5    Counsel notes that, to receive permission to file a successive petition under the Act, a defendant must (1) identify an objective factor that impeded his or her ability to raise a specific claim in the initial postconviction proceeding and (2) demonstrate that the claim not raised in the initial proceeding so infected the trial that the resulting conviction or sentence violated due process.

725 ILCS 5/122-1(f) (West 2020). Counsel notes that the failure to satisfy either prong of the cause-and-prejudice test is a sufficient ground to deny leave to file a successive postconviction petition (see *id.*; *People v. Smith* 2014 IL 115946, ¶ 37). As counsel further observes, we review *de novo* the denial of leave to file a successive postconviction petition. *People v. Bailey*, 2017 IL 121450, ¶ 13. Counsel concludes that it would be frivolous to argue that defendant satisfied either prong of the cause-and-prejudice test. We agree.

¶ 6       As for cause, defendant does not assert in his motion or proposed petition that he could not have raised his ineffectiveness claim in his initial petition. Indeed, he could have raised the ineffectiveness claim then because the pertinent facts and legal authority were available. As for his constitutional sentencing claims, defendant notes that *People v. Harris*, 2018 IL 121932, and *People v. Holman*, 2017 IL 120655, had not been decided when he filed his initial petition. Nonetheless, these cases do not establish cause. *Harris* held that the eighth amendment protections recognized in *Miller* do not apply to defendants 18 years old or older when they committed their offenses. See *Harris*, 2018 IL 121932, ¶ 61. Defendant was 20 when he committed the offenses. In any event, *Harris*'s basic premise—that *Miller*'s eighth amendment protections apply to discretionary sentences like defendant's—was repudiated in *People v. Wilson*, 2023 IL 127666, ¶ 42, which overruled *Holman*. As for defendant's *Miller*-based proportionate penalties claim, our supreme court has expressly held that *Miller* does not supply cause as to such a claim. See *People v. Clark*, 2023 IL 127273, ¶ 67. Therefore, we agree with counsel that it would be frivolous to argue that the trial court erred in holding that defendant did not satisfy the cause requirement for filing a successive petition.

¶ 7       While defendant's inability to establish cause is sufficient in itself to support the denial of leave to file (see *Smith* 2014 IL 115946, ¶ 37), we also comment on the issue of prejudice. Counsel

is correct that a defendant's voluntary guilty plea waives all nonjurisdictional claims, including constitutional ones. See *People v. Jones*, 2021 IL 126432, ¶ 20. The waiver encompasses claims based on future legal developments (*id.* ¶ 21)—here, *Miller* and its progeny. None of the claims in defendant's proposed petition concern the voluntariness of his plea. Therefore, defendant has waived all claims in the proposed petition and so cannot establish prejudice. Moreover, for the same reasons defendant cannot establish cause concerning his eighth amendment claim, he also cannot establish prejudice as to that claim.

¶ 8    In his response, defendant fails to address the application of the cause-and-prejudice test to his proposed petition.

¶ 9    After examining the record, the motion to withdraw, the memorandum of law, and defendant's response, we agree with counsel that this appeal presents no issue of arguable merit. Thus, we grant the motion to withdraw, and we affirm the judgment of the circuit court of Kane County.

¶ 10    Affirmed.