2025 IL App (2d) 250163-U
No. 2-25-0163
Order filed October 27, 2025

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

___

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

___

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the Circuit Court of De Kalb County. |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 10-CF-579 |
| | ) | |
| MARK A. TATE, | ) | Honorable |
| | ) | Joseph C. Pedersen, |
| Defendant-Appellant. | ) | Judge, Presiding. |

___

JUSTICE MULLEN delivered the judgment of the court.
Justices McLaren and Birkett concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Finding no arguably meritorious issue for appeal, we grant appellate counsel's motion to withdraw, and we affirm the judgment.

¶ 2    Defendant, Mark A. Tate, filed a notice of appeal from the dismissal of his petition under section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2022)). The Office of the State Appellate Defender, appointed to represent defendant, has moved to withdraw as counsel. We grant the motion and affirm, finding no potentially meritorious issue for appeal.

¶ 3                                  I. BACKGROUND

¶ 4      On November 22, 2010, a De Kalb County grand jury returned a 21-count indictment against defendant. Counts I and II each charged defendant with aggravated criminal sexual assault against his stepdaughter, K.R., alleging that, in committing the predicate offense of criminal sexual assault against K.R., defendant caused bodily injury to her. See 720 ILCS 12-14(a)(2) (West 2010). Count I alleged that defendant committed the predicate offense (criminal sexual assault) by committing an act of sexual penetration with K.R. using force or the threat of force. See *id.* § 12-13(a)(1). For the sake of clarity, we will refer to this form of criminal sexual assault as "criminal sexual assault—use of force." Count II alleged that defendant committed the same predicate offense by committing an act of sexual penetration with K.R., who was a family member of defendant and was under the age of 18 when the act of sexual penetration occurred. See *id.* § 12-13(a)(3). We will refer to this form of criminal sexual assault as "criminal sexual assault—family member under 18." In other words, the two counts of aggravated criminal sexual assault differed from one another only with respect to whether the act of sexual penetration was committed through the use or threat of force *or* was committed with a family member under the age of 18. Counts III through XIV charged defendant with (nonaggravated) criminal sexual assault. The odd-numbered counts (III, V, VII, IX, XI, and XIII) charged (nonaggravated) criminal sexual assault—use of force (see *id.* § 12-13(a)(1)). The even-numbered counts (IV, VI, VIII, X, XII, and XIV) charged (nonaggravated) criminal sexual assault—family member under 18 (see *id.* § 12-13(a)(3)). Counts XV through XXI charged that defendant committed aggravated criminal sexual abuse by fondling the breasts of K.R., a family member under the age of 18. See *id.* § 12-16(b).

¶ 5     On the day of trial, before jury selection, the State advised the trial court that it would be "dismissing" counts I, III, V, VII, IX, XI, and XIII. These counts all alleged criminal sexual assault—use of force, either as the charged offense or (in the case of count I) as the predicate offense for the charge of aggravated criminal sexual assault. The State confirmed that it would be proceeding on count II (charging aggravated criminal sexual assault predicated on criminal sexual assault—family member under 18), counts IV, VI, VIII, X, XII, and XIV (all charging criminal sexual assault—family member under 18), and counts XV through XXI (all charging aggravated criminal sexual abuse).

¶ 6     K.R. testified that she was born on September 2, 1996, and was 16 years old at the time of trial. In 2009, she lived in Kentucky with her mother, her siblings, and defendant. Near the beginning of the 2009 school year, they all moved to Sycamore. Shortly after the move, defendant came into K.R.'s bedroom, pushed her down onto the bed, and put his penis in her vagina. He also touched her breasts. She was 13 years old when this occurred. Thereafter, defendant placed his penis in K.R.'s vagina "[m]aybe two to three times a week." Each time, defendant also touched her breasts. In June 2010, K.R. learned that she was pregnant. She gave birth on November 13, 2010. The State presented evidence that paternity testing conducted using DNA samples from defendant, K.R., and K.R.'s child indicated that the probability that defendant was the child's father was close to 100%.

¶ 7     The jury returned verdicts finding defendant guilty of one count of "aggravated criminal sexual assault," six counts of "criminal sexual assault," and seven counts of "aggravated criminal sexual abuse."

¶ 8    The trial court pronounced sentence on June 28, 2013. The court stated that "the aggravated criminal assaults and criminal sexual assaults are mandatory consecutive sentences and the minimum sentence would be 30 years." "As to those offenses," the court sentenced defendant to a 30-year prison term. The court, however, did not indicate the individual sentences imposed on each count. "As to the aggravated criminal sexual abuse," the court sentenced defendant to "an additional five years [in prison]," to be served consecutively to the 30 years, for an aggregate sentence of 35 years' imprisonment.

¶ 9    That same day, the trial court issued two sentencing orders. The first order stated that the "[c]rime for which [d]efendant [was] [c]onvicted" was "6 [c]ounts of [c]riminal [s]exual [a]ssault" in violation of "720 ILCS 5/12-13(a)(3)": counts IV, VI, VIII, X, XII, and XIV. The order imposed a four-year prison sentence on each of the six counts, to be served consecutively to each other, totaling 24 years. That sentence was to run consecutively with "10 CF 579, count 1 (6 years) and 10 CF 579 counts 15, 16, 17[,] 18, 19 & 20 (5yrs)." At the bottom of the order was written "(35 yrs total)." The reference to count I was evidently a clerical error, as the State had decided before trial not to proceed on that count. In any event, if count I is read as count II, the order can be understood to impose (1) a 24-year sentence for the criminal sexual assaults (consecutive four-year sentences on each of the six counts) to run consecutively to both (2) a six-year sentence for aggravated criminal sexual assault (count II) and (3) a five-year sentence for aggravated criminal sexual abuse (five years on each of the six counts,[1] to run concurrently with each other).

_____

[1]Defendant was actually charged with and found guilty of seven counts of aggravated criminal sexual abuse, but the trial court's order omitted one of the counts (count XXI).

¶ 10    The second sentencing order stated that the "[c]rime for which [d]efendant [was] [c]onvicted" was "[a]ggravated [c]riminal [s]exual [a]ssault" in violation of "720 ILCS 5/12-14(a)(2)." The order provided as follows in a fill-in-the-blanks section:[2]

| "Sentence of the Court<br>__day(s)__month(s) *36* year(s)<br>(if applicable)<br>☒ Concurrent<br>*w/counts 4-14* | ☒ Consecutive with case numbers<br>*to counts 15-20* | *5 years*<br>*for a total*<br>*of 35 years*<br>*IDOC"* |
| --- | --- | --- |

If the concurrent and consecutive terms are applied without regard to the contemplated 35-year aggregate sentence, then defendant's 24-year term for criminal sexual assault would run concurrently with the 36-year term for aggravated criminal sexual assault, and the 5-year term for aggravated criminal sexual abuse would run consecutively to the 36 years—for an aggregate term of 41 years. Alternatively, to arrive at a 35-year aggregate sentence, the "36 years" for aggravated criminal sexual assault must be read as 6 years, to run consecutively both to the 24-year sentence for the criminal sexual assaults and the five-year term for aggravated criminal sexual abuse.

¶ 11    On July 10, 2013, defendant filed his notice of appeal. On July 16, 2013, the trial court entered a written order stating, "[S]tate's motion to nolle prosse counts granted as to counts 02, 03, 05, 07, 09, 11, 13, and 21." This list mostly corresponded to the charges that the State announced before trial that it would dismiss. However, count I was missing from the July 16 list. Also, counts II and XXI were included in the July 16 list even though the jury had returned verdicts

---

[2]Handwritten entries are represented by italicized text.

of guilty on both counts; it is unclear why the State would move to nol-pros them. If the order was meant to memorialize the State's pretrial decision not to proceed with certain charges, then the inclusion of counts II and XXI was error.

¶ 12    On September 26, 2013, the prosecutor appeared in open court to convey that the Department of Corrections had contacted her seeking clarification of the sentencing orders. That day, in response, the trial court entered corrected sentencing orders indicating that the 5-year sentences imposed on each count of aggravated criminal sexual abuse were to be served concurrently with each other but consecutively to a 6-year sentence on "count I" (another evident clerical error, as the State had not proceeded on count I) and an aggregate 24-year sentence on counts IV, VI, VIII, X, XII, and XIV (which the State had proceeded on) (the criminal sexual assaults).

¶ 13    On March 5, 2015, we granted the appellate defender's motion to withdraw as counsel on direct appeal, and we affirmed defendant's convictions. *People v. Tate*, 2015 IL App (2d) 130733-U. Defendant later unsuccessfully sought relief under the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2016)). See *People v. Tate*, 2022 IL App (2d) 220046-U (allowing appellate counsel to withdraw and affirming the dismissal of defendant's amended postconviction petition).

¶ 14    On August 15, 2023, defendant filed a petition under section 2-1401 of the Code for relief from the judgment of conviction. Although the petition was not filed within two years after the entry of judgment, defendant claimed that the petition was timely when periods during which he was under duress or a legal disability, or when the grounds for the relief were fraudulently concealed, were excluded. Defendant claimed, *inter alia*, that the July 16, 2013, order constituted "new evidence" that was fraudulently concealed because he was not present when it was entered.

He also claimed that he was under a legal disability when the July 16 order was entered because he was no longer represented by counsel. Defendant's substantive claim was that (1) the July 16 order acquitted him of every count of the indictment, or at least counts II and XXI, and (2) the acquittals were "true acquittals" because they occurred after jeopardy attached. According to the petition, because count II was "dependent" on the DNA evidence, that evidence "drop[ped] out from the case" when count II was nol-prossed; the remaining counts depended entirely on K.R.'s credibility. The petition also claimed that the orders entered on July 16, 2013, and September 26, 2013, were void—seemingly undermining the claim that the former order acquitted defendant of counts II and XXI. Along with his petition, defendant moved for appointment of counsel.

¶ 15    On January 5, 2024, the State moved to dismiss the petition, arguing that it was untimely. On February 13, 2024, defendant moved for entry of a default judgment on the basis that the State failed to answer or otherwise respond to the petition. On March 21, 2024, the State filed a supplemental motion to dismiss, arguing, in essence, that the petition did not state grounds for relief from the judgment of conviction.

¶ 16    On June 6, 2024, the trial court entered an order denying defendant's motions for a default judgment on the petition and for appointment of counsel. On March 14, 2025, the court entered an order dismissing the section 2-1401 petition both for being untimely and for failure to state grounds for relief. Notably, the court rejected the claim that the July 16, 2013, and September 26, 2013, orders were void. The court reasoned that it had both subject-matter jurisdiction and personal jurisdiction over defendant when it entered those orders and that they were not based on a statute that was void *ab initio*. However, on its own motion under Illinois Supreme Court Rule 472(a)(4) (eff. Feb. 1, 2024), the trial court (1) corrected the July 16, 2013, order to reflect that count I had

been nol-prossed and (2) corrected the September 26, 2013, orders to reflect that defendant had been convicted of count II rather than count I. Defendant filed a notice of appeal, and the trial court appointed the Office of the State Appellate Defender to represent him.

¶ 17                                    II. ANALYSIS

¶ 18     Per *Pennsylvania v. Finley*, 481 U.S. 551 (1987), and *People v. Lee*, 251 Ill. App. 3d 63 (1993), the appellate defender moves to withdraw as counsel. In her motion, counsel states that she read the record and found no issue of arguable merit. Counsel further states that she advised defendant of her opinion. Counsel supports her motion with a memorandum of law providing a statement of facts, a list of potential issues, and arguments as to why those issues lack arguable merit. We advised defendant he had 30 days to respond to the motion. Defendant filed a response.

¶ 19     Section 2-1401 of the Code provides, in pertinent part:

> "(a) Relief from final orders and judgments, after 30 days from the entry thereof, may be had upon petition as provided in this Section. ***
>
> (b) The petition must be filed in the same proceeding in which the order or judgment was entered but is not a continuation thereof. The petition must be supported by an affidavit or other appropriate showing as to matters not of record. All parties to the petition shall be notified as provided by rule." 735 ILCS 5/2-1401 (West 2022).

Section 2-1401 can be used to, *inter alia*, "bring facts to the attention of the trial court which, if known at the time of judgment, would have precluded its entry." *Paul v. Gerald Adelman & Associates, Ltd.*, 223 Ill. 2d 85, 94 (2006). Subject to exceptions not applicable here, the petition must be filed "not later than 2 years after the entry of the order or judgment." 735 ILCS 5/2-1401(c) (West 2022). However, "[t]ime during which the person seeking relief is under legal disability or

duress or the ground for relief is fraudulently concealed shall be excluded in computing the period of 2 years." *Id.*

¶ 20    Counsel contends that there is no basis for challenging the trial court's conclusion that the petition was untimely. Noting that defendant's petition was not filed within two years after the judgment from which he sought relief, counsel argues that because defendant was not under duress or a legal disability, and the grounds for relief were not fraudulently concealed, there is no basis for arguing that the petition was timely. Timeliness aside, counsel further argues that the petition failed to state grounds for relief from the judgment and that the trial court committed no error by correcting the judgment to reflect that defendant was convicted of counts II and XXI. Counsel further contends that there is no arguably meritorious basis for challenging the trial court's denial of defendant's motions for appointment of counsel and for entry of a default judgment.

¶ 21    We agree that there is no arguable basis for challenging the trial court's denial of defendant's motions for appointment of counsel and for entry of a default judgment. The trial court has discretion whether to appoint counsel in a section 2-1401 proceeding. *People v. Stoecker*, 2020 IL 124807, ¶ 36. Also, a party is not entitled to a default judgment unless the party's pleading states a cause of action. *Suttles v. Vogel*, 126 Ill. 2d 186, 193 (1988). Because, as we will explain, defendant's section 2-1401 petition did not state grounds for relief under section 2-1401, the trial court properly refused to appoint counsel or enter a default judgment. For that same reason, we conclude that it would be futile to challenge the dismissal of the petition. See *Warren County Soil*

*& Water Conservation District v. Walters*, 2015 IL 117783, ¶ 50 (dismissal of a section 2-1401 petition presenting a fact-dependent challenge is reviewed for an abuse of discretion).[3]

¶ 22    While the reasoning in defendant's petition is not altogether clear, it appears his claims ultimately stem from the proposition that the trial court's July 16, 2013, order functioned as an acquittal on counts II and XXI. As noted, that order might have been designed to memorialize the State's decision not to proceed on certain counts of the indictment. If so, the inclusion of counts II and XXI in the order was a mistake; the State did prosecute those counts and secure guilty verdicts. In any event, the July 16 order could not have had the effect defendant claimed it did. That order was entered after defendant filed his notice of appeal. "The general rule is that the filing of a notice of appeal divests the trial court of jurisdiction to enter any order involving a matter of substance and causes the jurisdiction of the appellate court to attach *instanter*." *People v. Rivera*, 2024 IL App (1st) 240520, ¶ 19. Acquitting defendant of counts of the indictment on which he had already been convicted would have been a matter of substance and thus exceeded the trial court's jurisdiction. Therefore, the July 16 order was at least partly void. See *People v. Evans*, 2015 IL App (3d) 140753, ¶ 17. The same is true of the September 26, 2013, orders purporting to enter a judgment of conviction on a nol-prossed count of the indictment (count I).

¶ 23    In conjunction with the dismissal of the section 2-1401 petition, the trial court, on its own motion, properly corrected errors in the September 26, 2013, orders to conform to the original judgment. See Ill. S. Ct. R. 471(a)(4) (eff. Feb. 1, 2024).

---

[3]Moreover, we need not consider whether the petition was timely. Timely or not, the trial court had jurisdiction to rule on the merits of the petition. See *People v. Caliendo*, 391 Ill. App. 3d 847, 849 (2009).

¶ 24    Finally, having reviewed the record and defendant's response to counsel's motion to withdraw, we conclude that there is no arguably meritorious basis for challenging the trial court's disposition of defendant's section 2-1401 petition.

¶ 25                                    III. CONCLUSION

¶ 26    Thus, after examining the record, the motion to withdraw, the memorandum of law, and defendant's response, we agree with counsel that this appeal presents no issue of arguable merit. Thus, we grant the motion to withdraw, and we affirm the judgment of the circuit court of De Kalb County.

¶ 27    Affirmed.